ROBERT LOCKHART V. MAYOR, ALDERMEN, &c., OF THE CITY OF HOUSTON.

1. SUIT FOR COLLECTION OF CITY TAXES.—Unless there is express direction in the charter or ordinances of a city that suits for unpaid taxes shall be brought in a particular manner, the assessor and collector may institute such suits in the name of the city.

2. SAME—CONSTITUTION.—Authority to a city through its officers to seize and sell property on which the taxes have not been paid, conferred by an act of the Legislature in 1866, was destroyed by section 21, article XII, of the Constitution of 1869, prohibiting the sale of landed property for taxes due thereon, except under a decree of some court of competent jurisdiction.

3. PLEADING—LEVY AND ASSESSMENT.—The averment that property was "assessed for taxes" is sufficient, without detailing by whom it was assessed, and other facts showing a legal assessment. The "levy and assessment" are themselves facts sufficiently removed in their nature from mere conclusions of law to admit of being averred without setting out what acts were done, or by what officer, in making the levy and assessment.

4. SUIT FOR TAXES—EVIDENCE.—To maintain a suit for taxes, in the absence of statutory authority, an assessment must be shown, and demand of the tax made of the delinquent. The taxpayer must be first in default by his failure to pay.

ERROR from Harris.    Tried below before the Hon. James Masterson.

This was an action of debt brought to the October Term,

1871, of the District Court of Harris county, by the "mayor, aldermen, and inhabitants of the city of Houston," against Robert Lockhart, for the sum of $55.75, alleged to be due from him for taxes imposed upon certain real estate belonging to said Lockhart, and situate within the corporate limits of the city, for the years 1867, 1868, 1869, and 1870.

The authority of the city authorities to levy a tax for these years was alleged, and that the assessment had been made in the manner and form and to the amount required by law, demand, failure to pay, &c.

The defendant plead general and special demurrers and general denial.   The demurrer was overruled.

The special act of the Legislature, approved October 22, 1866, entitled "An act to consolidate in one act and amend the several acts incorporating the city of Houston," section 32, provides "that the city council, by a vote of a majority of the whole number of aldermen, taken by yeas and nays, may assess and collect an annual direct tax upon all property, real and personal, situated and being within the limits of the corporation, not exceeding two per cent. *ad valorem.*"

SEC. 34. "That * * the assessor and collector for the city, or such officer as the city council may charge therewith, may proceed to seize upon any property, real or personal, the tax on which has not been paid, or that belongs to a delinquent taxpayer; and after advertising the same in some newspaper published in the city of Houston, or by posting at three public places in the city, if there be no newspaper published as aforesaid, for twenty days, specifying the time and place of sale, may sell at the court-house door of Harris county, to the highest bidder, for cash, so much of said property as will pay the taxes' thereon, or may be due from such delinquent, as the case may be, together with the cost of advertising and selling, unless the taxes and costs be paid before the day of sale."

August 2, 1870, by special act of the Legislature, the city charter was amended, and by section 30 of that act it is provided "that it shall be the duty of the assessor and collector,

after the assessment of the property liable to taxation shall have been made, to call upon each taxpayer for the amount of taxes due by him or them; and upon failure to pay the same, then the assessor and collector shall turn over to the city recorder the assessment rolls."    *    *    *    * "If the sum for taxes against any individual or corporation be greater in amount than that allowed by the jurisdiction of the justice of the peace, then the city assessor and collector shall file suit against him, her, or them in the District Court of Harris county, and the assessment book shall be taken as *prima facie* evidence of the facts as therein stated, and each assessment made by him, her, or them, or his, her, or their agent or attorney shall be regarded as proved, upon a trial before any court: *Provided,* That this section shall not be retroactive in its character, nor prevent the city council from adopting the mode and manner and laws passed by the State for the assessment and collection of the State and county taxes, which they are hereby empowered to do, should they deem the same advisable, and to fix the time when said tax or taxes shall be assessed," &c.

An ordinance of the City Council passed in 1867 is as follows:

"*Be it ordained by the Mayor, Aldermen, and Inhabitants of the city of Houston, in Council assembled,* That there shall be assessed and collected, for the use of the city, upon all property, real and personal, within the corporate limits of the city upon which a tax is levied by the State, an annual direct tax of one hundred and fifty cents upon every hundred dollars in valuation."

Over objection, was read the city books of assessment, as follows:

Mr. R. Lockhart,

To the Mayor, Aldermen, and

Inhabitants of the City of Houston.

To the amount of taxes due on assessment of the following-described property, to wit:

For the year 1867.

| | |
|---|---|
| 33 acres in S. M. Williams's, and imps., s. s. | $7,500 |
| Imps. on lot 1, bl'k 13, s. s. | 1,000 |
| ½ int. in lot 10, bl'k 12, s. s. | 1,000 |
| Imps. on lot 12, bl'k 13, s. s. | 1,000 |

| | | |
|---|---|---|
| Total | $10,500 | |
| Rate of taxation, 1½ per cent. | | |
| Amount of tax due for 1867 | | $157 50 |
| For the year 1868. | | |
| On same property | 10,500 | |
| Rate of taxation, 1 per cent. | | |
| Amount of tax due for 1868 | | 105 00 |
| For the year 1869. | | |
| On same property | 10,500 | |
| Rate of taxation, 1½ per cent. | | |
| Amount of tax due for 1869 | | 157 50 |
| For the year 1870. | | |
| On same property | 10,500 | |
| Rate of taxation, 1½ per cent. | | |
| Amount of taxes for 1870 | | 157 50 |
| Total tax due | | $577 50 |

Jacob Binz, for plaintiff, testified: "I am the assessor and collector of taxes for the city of Houston. The amount due by the defendant to the plaintiff for taxes for the years 1867, 1868, 1869, and 1870 is five hundred and seventy-seven and $\frac{50}{100}$ dollars. The property, as mentioned in the exhibit (above) is in the corporate limits of the city. I have demanded the taxes of the defendant."

On cross-examination: "The assessments for 1867, 1868, and 1869 were not made by me. I made no assessment, except for 1870. I asked Lockhart if was willing to pay his taxes, in front of my office, and one time in my office. I can't say whether I named the amount. I never called at

his residence. I told him I wanted him. I wanted him to come in and pay his taxes. I did not present the bill to him; know nothing about the taxes, except for 1870."

Lockhart, defendant, testified for plaintiff: "I own the property mentioned in the exhibit (above.) I do not remember that I gave it in for taxes—I may have done so."

Cross-examined: "On two or three occasions Binz met me on the street, and asked me to come in and fix up my taxes. One occasion he met me in the street in front of his office, and asked me to go and see about my taxes. I went in, and he (Binz) showed me one or two assessments; I don't remember the amount; and I think he said he would make it out; he never presented me a bill or an account of my taxes. I never was informed or knew the amount until this suit was brought. Neither Binz nor any other city assessor and collector of taxes ever called at my residence."

Re-examined: "I think it was two assessments he showed me. I can't say that I rendered the property for taxation. I know that I did not render it every year."

J. E. Wittlesey testified that he was city assessor and collector for 1869, and that the valuation of the property was fair.

The court instructed the jury: "If the jury believe from the evidence that defendant did, during the years alleged in the petition, or any part thereof, own or claim as his, the property described in and by the exhibit annexed to the petition, or any part thereof, you will find for plaintiff the sum of the municipal taxes for the several years for which the testimony shows to be due, computing the rate of taxation according to the testimony.

" The ownership of the property within the municipal limits for the time charged, and the passage of a tax-levy by the municipal authorities, constitutes the debt or duty, according to the rate provided by said ordinance. The suit is sufficient demand for taxes not paid during the year for which the tax was levied but remained unpaid. It is the duty of

21

the owner of property subject to taxation to render it for taxation; and his not having done so does not entitle him to avoid the payment of the legal tax for which the property is liable.

"Under the charter of plaintiff, passed 2d August, 1870, and ordinances subsequently passed, the rule is different; but said charter and ordinances apply prospectively and only to taxes due thereunder.

"If satisfied from the evidence that the defendant was requested to pay a certain sum, and he did not at the time object to the amount, the jury may infer that that was the amount due."

The jury found for plaintiff the amount claimed. Motion for new trial was overruled.

Lockhart, by writ of error, asks a reversal of the judgment.

*Goldthwaite & Turner,* for plaintiff in error, cited The State *v.* Williams, 8 Tex., 384; 1 Greenl. Ev., sec. 115; Frye *v.* Barker, 2 Pick., 65; Taylor *v.* Tucker, 1 Kelly, 233; Blackw. on Tax Titles, 172, 173, 174.

No brief for defendant in error on file.

GOULD, ASSOCIATE JUSTICE.—The city of Houston was the party beneficially interested in the collection of the taxes sued for, and, unless section 30 of its charter requires such suits to be in the name of the assessor and collector, this action was properly brought in the name of the city. That section directs the assessor and collector, upon failure of payment, "to turn over to the city recorder the assessment rolls;" makes it the duty of the latter officer "thereupon to issue a summons to the party against whom any tax may have been assessed," and goes on to prescribe the subsequent proceedings down to judgment, without directing in whose name as plaintiff the proceedings shall be had. If the sum be beyond

the jurisdiction of the justice of the peace, it directs that "then the city assessor and collector shall file suit against him, her, or them in the District Court of Harris county." There is no express direction that the suit in either the recorder's or District Court shall be in the name of the assessor and collector; and that officer might on general principles file the suit in the name of the city.

The other ground assumed in support of the general exceptions to the petition is, that under the act of October, 22, 1866, the city might, through its officers, have proceeded to seize and sell the property "the tax on which had not been paid," and that an action would only be authorized by showing that this special remedy could not be pursued. At the time this suit was brought, the Constitution prohibited the sale of "landed property for taxes due thereon except under a decree of some court of competent jurisdiction." (Const., art. XII, sec. 21.) The taxes sued for were due on landed property, and as that, under the Constitution, could no longer be seized and sold, it does not appear that there was at that time any special remedy rendering a suit unnecessary, and therefore unauthorized.

There were also special exceptions to the petition, which were overruled by the court. Though this ruling is assigned as error, it has not been discussed in the brief of counsel for appellant. It is only deemed necessary to say that the averment that the property was assessed for taxes was sufficient, without specifying the officer by whom it was assessed, and without stating all the facts constituting a legal assessment. To require in the petition a detail of the facts necessary to make it appear that the levy and the assessment of the tax were regular and legal, would be both burdensome and useless. They are themselves facts, sufficiently removed in their nature from mere conclusions of law to admit of being averred, like the protest of a bill of exchange, without specifying what acts were done, or by what officer.

The charge of the court, however, was to the effect, that

the plaintiff was entitled to recover the taxes prior to 1870, on proof of the ownership of the property and the amount of tax at the rate levied, thus dispensing with the necessity of an assessment, and of any other demand than the filing of the petition.

This subject is considered in the case of Clegg *v.* The State, 42 Tex., 611, decided since this case was tried. It was held in that case, that to authorize a suit for taxes, not brought under statutory authority, the property must first be assessed; and further, that the tax-payer must also first be in default by his failure to pay his taxes as prescribed by law.

The charge of the court was erroneous; and as an examination of the statement of facts does not enable us to say that either the fact of the assessment for each year, or the fact that Lockhart was in default after being assessed, were so clearly established as to make it apparent that the error in the charge was not material, this error requires a reversal of the cause.

It is not deemed necessary to pass on any other question raised.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.