MARY MULLER ET AL. v. W. C. BOONE.

(Case No. 1947.)

1. ACKNOWLEDGMENT — CONVEYANCE BY A CORPORATION. — A deed purporting to convey title to land, by a national bank, to which was signed the corporate name, with the bank seal affixed by "John Kerr, Prest.," and "R. P. Aunspaugh, Cashier," had affixed thereto the following certificate of acknowledgment: "This day personally appeared John Kerr, president of said First National Bank of the city of Dallas, and R. P. Aunspaugh, cashier of said bank, both of whom are to me well known, and severally acknowledged that they executed the above and foregoing instrument for the purposes and considerations therein contained" (signed by the officer and authenticated with his seal). *Held*, that the acknowledgment was a sufficient compliance with the statute requiring the president of a corporation, in making a deed, to acknowledge it to be " the act of the corporation." (Following Monroe *v.* Arledge, 23 Tex., 480.)

2. APPEAL — LIEN — EXECUTION. — When a party, having taken steps to appeal from a judgment of the district court against him, fails to file the transcript by the return day of the proper assignment, and abandons it, the appeal will be considered as having terminated with the return day, and execution may thereafter issue at any time on the judgment. If, in such a case, no execution has issued on the judgment within twelve months, the lien is lost.

3. SAME. — After a lien is lost, the record of the abstract of the judgment cannot reinstate or revive it.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldredge.

On July 28, 1880, Boone brought this suit against Muller and wife, and Moore, the then sheriff of Dallas county, to enjoin a sale under an execution, which had been issued upon a judgment rendered in the district court of Dallas county, in favor of Muller and wife and against the First National Bank of the city of Dallas. The execution had been levied upon a certain lot in the city of Dallas, claimed by Boone through a conveyance from the bank after the judgment was rendered. Boone claimed that no execution was issued on the

judgment for more than twelve months after execution could have issued, and that there was no lien upon the lot. Also that the judgment had been paid.

Muller and wife claimed a subsisting lien, and that the judgment had not been paid.

Verdict and judgment in favor of Boone perpetually enjoining the execution, etc.

*White & Plowman*, for appellant, cited: Carlin v. Hudson, 12 Tex., 202; Spencer v. Rosenthall, 58 Tex., 4; Whitman v. Willis, 51 Tex., 427; Henderson v. Morrill, 12 Tex., 1; Cameron v. White, 3 Tex., 152; 16 Mass., 42; 24 Wend., 90; 13 Ia., 157.

*A. H. Field*, for appellee, cited: North v. Swing, 24 Tex., 193; Dickinson v. McDermott, 18 Tex., 437; Dickinson v. McDermott, 13 Tex., 248; Trevino v. Stillman, 48 Tex., 561.

WATTS, J. COM. APP.—National banking associations are by the law of their creation authorized to purchase, hold and convey real estate for certain purposes therein specified. Revised Statutes U. S., sec. 5137. In the organization of these associations the law provides that the directors shall elect one of their number president. Sec. 5150.

The deed to appellee purports to be the act of the "First National Bank of the city of Dallas," and the name of the corporation was signed and the seal affixed by "Jno. Kerr, Prest.;" also "By R. P. Aunspaugh, Cashier." And so far as is material to the decision of the question presented, the certificate of acknowledgment is in these words: "This day personally appeared said John Kerr, president of said First National Bank of the city of Dallas, and R. P. Aunspaugh, cashier of said bank, both of whom are to me well known, and severally acknowledged that they executed the above and foregoing instrument for the purposes and considerations therein contained."

Appellants urged three objections to the admission of the deed in evidence. 1st. That it was not the deed of the corporation. 2d. There was no evidence showing that Kerr and Aunspaugh had authority to execute the deed. 3d. The acknowledgment was not by the grantor, but by Kerr and Aunspaugh.

With reference to the power of private corporations to convey land, our statute provides that "Any corporation may convey lands by deed, sealed with the common seal of the corporation, and signed by the president or the presiding member or trustees of said corpora-

tion. And such deed, when acknowledged by such officer to be the act of the corporation, or proved in the manner prescribed for other conveyances of lands, may be recorded in like manner and with the same effect as other deeds." R. S., art. 600; P. D., art. 5966.

That the deed was executed in compliance with the terms of the statute admits of no question. And perhaps, in the absence of the statute, the deed would be considered the act of the corporation, and properly executed. Phillips v. Coffee, 17 Ill., 154; Sawyer v. Cox, 63 Ill., 133; Miners' Ditch Co. v. Zellerbach, 37 Cal., 543.

All that has ever been required with reference to the ordinary acknowledgment of a deed is a substantial compliance with the statute. As was truly said in Monroe v. Arledge, 23 Tex., 480, the material matter to be embraced in the acknowledgment is the execution of the deed. While the statute provides that the officer is to acknowledge the deed as the act of the corporation, and the officer does not, in express terms, declare that it was the act of the corporation, and so acknowledged, still that was the effect of the acknowledgment. The deed purports to be the act of the corporation, executed by Kerr as president, and he acknowledged that it was executed for the purposes and considerations therein contained. This acknowledgment was in substantial compliance with the statute. In our opinion there was no error in the admission of the deed in evidence.

Appellants recovered the judgment against the corporation April 17, 1878; notice of appeal was then given, and the appeal thereafter perfected by giving the *supersedeas* bond within the required time. This appeal was returnable to the Austin term, 1879, of the supreme court, and as Dallas county was included in the first assignment, the law required the transcript to be filed on or by the first Monday in April, 1879. This was not done, and there was no effort thereafter made to have the transcript filed; it in fact appears that the corporation had abandoned the purpose of prosecuting the appeal. The first execution was issued on the judgment April 28, 1880.

On May 27, 1880, appellants caused an abstract of the judgment to be recorded in Dallas county.

Upon these facts the vital question in the case is as to whether the lien of the judgment has been preserved or lost. For if there is no lien appellants have no right whatever to subject the land to sale.

Upon this point, upon the one hand it is contended that as the transcript might have been filed at any time during the term by leave of court, upon a proper showing, that therefore the appeal did

not lapse until the end of that term, to wit, the last Saturday in June, 1879; while upon the other hand it is insisted that as the law required the transcript to be filed on or by the return day of the assignment, which was the first Monday in April, 1879, and as it was not then filed, and no effort was thereafter made to have it filed, that the appeal lapsed upon the return day of the assignment, and that thereafter an execution might have issued at any time upon the judgment.

At the date of the judgment, as now, the law requires an execution to be issued within twelve months from the rendition of the judgment; otherwise the lien is lost. Of course the appeal suspended execution, and the plaintiffs had twelve months after the appeal had elasped in which to have execution issued, and thereby preserve their lien.

It seems that where, as in this case, the party has abandoned the purpose of prosecuting the appeal, and does not file the transcript by the return day of the assignment, that the appeal must be considered as having terminated with the return day, and that thereafter execution might issue upon the judgment at any time. A judgment lien is the creature of law, and its existence and continuance depends upon a substantial compliance with the terms of the statute by which it is created and kept in force. Therefore, as no execution was issued on the judgment within twelve months after the appeal had lapsed, the lien must be considered as having expired.

The record of the abstract of the judgment could not avail appellants anything, as the lien had ceased to exist some time before the abstract was recorded. As the lien had expired, such record could neither revive nor recreate it.

Hence, it follows that, as appellants had no lien upon the land, they could not rightfully subject it to sale under the execution. It therefore becomes unnecessary to consider the remaining questions presented by the record. Admitting that the court erred in the several matters specified, still such errors must be considered of no essential consequence. The right of the appellants to subject the land to the payment of the judgment, after the conveyance to appellee, depended solely upon the existence of the judgment lien, and as that had expired, no other than the judgment under review could have been rightfully rendered.

Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted January 21, 1885.]