[No. 441. Decided June 22, 1892.]

'THE TOWN OF ELMA, *Appellant*, v. JOHN J. CARNEY AND LESTINA Z. CARNEY, *Respondents*.

APPEAL—ORAL NOTICE—APPEAL BOND—MUNICIPAL CORPORATION—EN-
FORCING STREET ASSESSMENTS—PLEADING—COMMUNITY PROPERTY.

Under Code Proc., § 1405, notice of appeal given orally in open court is sufficient.

Where an oral notice of appeal is noted in the minute of the judgment appealed from, it will be deemed entered in the journal.

Where oral notice of appeal is given and entered, the presumption is that the proper order was given to the clerk, although the record may not state so.

Under Code Proc., § 1416, making a notice of appeal a necessary part of the transcript, no statement of facts authenticating an oral notice of appeal is necessary to make it a part of the record.

The term "incorporated cities" in Code Proc., § 1407, applies to all municipal corporations, and "towns" are accordingly not required to file bonds on appeal.

In a suit to foreclose street grade assessment liens, a complaint alleging the authority of the municipal corporation to make the assessments, that they were made in the manner required by law, demand and failure to pay, is sufficient, without stating all the facts constituting a legal assessment.

Where an assessment is made to the husband alone, upon lots that are community property, it is sufficient when the wife is made a party to the action to foreclose the assessment lien.

*Appeal from Superior Court, Chehalis County.*

Action by the Town of Elma against John J. Carney and wife to foreclose certain street grade assessment liens. Judgment for defendants upon a general demurrer to the complaint, and plaintiff appeals.

*Austin E. Griffiths*, for appellant.
*Schofield & Schofield*, for respondents.

The opinion of the court was delivered by

STILES, J.—The respondent moves to dismiss—(1) Because the notice of appeal was given orally in open court, and not by writing which was filed. We hold that the method taken was strictly in accordance with Code Proc., § 1405, and therefore sufficient. (2) It was not entered in the journal. We think it was entered in the journal, although it was in the minute of the judgment. (3) The judge made no order for the entry. Having been given and entered, although the record does not state as much, we will presume that the proper direction was given to the clerk. (4) There is no statement of facts authenticating the notice and making it a part of the record. The notice of appeal is a necessary part of the transcript. Code Proc., § 1416. (5) No bond on appeal was filed. The appellant is a municipal corporation of the fourth class called a "town" (Gen. Stat., § 505), and the respondent maintains that the term "incorporated city," used to designate a class of appellants who are not required to file appeal bonds, under Code Proc., § 1407, does not include a "town." But we are strongly convinced that there was no such intention on the part of the legislature. The state and every one of its municipal servants are, by the terms of this section, relieved of giving bonds, as they ought to be, unless this invidious exception has been made. This is the evident policy adopted with deliberation, as was the act of March 27, 1890, which treated of municipal corporations alone, and brought the bodies of this class in the state into a harmonious system for the first time. The sections of that act, from 142 on, chartered municipal corporations of the fourth class to be entitled "towns." We think we shall do no violence to construction in this case if we interpret "incorporated city" to mean municipal corporation, and hold that no bond is required. *State, ex rel.*

*Stimson Mill Co., v. Harbor Line Commissioners, ante,* p. 6. The motion to dismiss is therefore denied.

The court below sustained a general demurrer to the complaint of the appellant in a suit brought to foreclose certain street grade assessment liens. We are unadvised upon what particular ground the ruling was made, and must resort to the points made here by the respondent.

1. The main objection is that the complaint does not set out in detail all the steps requisite under the statutes to sustain a lien of this kind. In *Lockhart v. City of Houston,* 45 Tex. 317, the supreme court of that state passed upon similar objections to the complaint in an action to recover general taxes, where the complaint alleged the authority of the city to levy the tax, that the assessment had been made in the manner and form required by law, demand, failure to pay, etc., and in the decision, said:

"It is only deemed necessary to say that the averment that the property was assessed for taxes was sufficient without specifying the officer by whom it was assessed, and without stating all the facts constituting a legal assessment. To require in the petition a detail of the facts necessary to make it appear that the levy and the assessment of the tax were regular and legal would be both burdensome and useless. They are themselves facts, sufficiently removed in their nature from mere conclusions of law to admit of being averred, like the protest of a bill of exchange, without specifying what acts were done, or by what officer."

We think this is the general rule in suits for the recovery of taxes, and to enforce liens for taxes, which is alike applicable to street assessments. Desty on Taxation, 712. This is further borne out by the terms of the statute in question which provides, in § 161 (Gen. Stat., § 678), as follows:

"Whenever any expenses or costs of work shall have been *assessed* on any lands, the amount of said expenses shall become a lien upon said lands, which shall take prec-

edence of all other liens, and which may be foreclosed in accordance with the provisions of the code of procedure."

Upon the trial of such a case, therefore, the production of an assessment roll or list would *prima facie* entitle the town to a decree, unless the defense should establish such a failure of conditions precedent to a lawful assessment as would, in equity, require the court to find that there had been no assessment at all. This holding does not conflict with anything laid down in *Wilson v. Seattle*, 2 Wash. 543 (27 Pac. Rep. 474), where *certiorari* was supported solely because the owner of property affected by an assessment had no remedy, by appeal or otherwise, by which he could have the legality of the assessment tested in a court Substantially it was the defense of the owner that was there heard.

2. The assessment to Carney alone, although the lots were community property of himself and wife, was sufficient. The wife is made a party to the action, and has full opportunity to defend all her rights in the premises.

We hold the complaint sufficient as against a general demurrer, and that the cause should be heard upon its merits. But in remanding for further proceedings, we think it well to say that the statute authorizes a foreclosure of the liens only, and not a personal judgment against the owner for any deficiency, as seems to be the theory of the pleader in this case; and, also, that each parcel upon which there is a separate assessment is liable only for that assessment and the penalties accruing thereon, and its proper share of the costs of foreclosure and sale.

Judgment reversed, and remanded for further proceedings.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.