[No. 1255.  Decided July 9, 1894.]

THE TOWN OF HAMILTON, *Appellant*, v. L. CHOPARD *et al.*, *Respondents*.

MUNICIPAL CORPORATIONS — FORECLOSURE OF STREET ASSESSMENTS — PLEADING — EVIDENCE — NON-SUIT.

In an action by a town to foreclose a street assessment plaintiff should be non-suited when the proof does not show the contract entered into for the improvement of the street, and there is nothing in the assessment roll introduced in evidence authenticating it in any manner as a warrant for the collection of the assessments for the proposed improvement.

An assessment roll is not *prima facie* evidence of the regularity of the proceedings, unless it has upon its face such authentication and certification as constitute it a warrant for the collection of taxes. (*Town of Elma v. Carney*, 4 Wash. 418, distinguished.)

Where the plaintiff seeks to put in evidence all the proceedings that are a basis for the assessment, enough must appear to show that the assessment roll was made in pursuance of the authority of the common council, before it can have force in a suit where the fact of the making of the assessment is put in issue by the pleadings.

*Appeal from Superior Court, Skagit County.*

*I. E. Schrauger, Sinclair & Smith,* and *N. W. Bolster,* for appellant.

*Kerr & McCord,* and *D. M. Woodbury,* for respondents.

The opinion of the court was delivered by

HOYT, J.— This action was brought by appellant to foreclose an alleged lien growing out of an attempted assessment for the improvement of one of its streets. The formal allegations of the complaint as to the incorporation of appellant, and other matters of this kind, were admitted but the allegations as to the improvement of the street and the making of an assessment to pay for the same were denied. Upon the issues thus made, the cause went to trial.

The plaintiff put in evidence, *first*, a general ordinance prescribing the method by which its streets should be improved and assessments therefor made; *second*, the minutes of a meeting of its common council from which it only appeared that certain bids for the improvement of Cumberland street were opened in the presence of the council, and that of W. H. Hakes accepted. These minutes do not contain the amount of any of the bids submitted, so that the acceptance of the bid of W. H. Hakes in no manner informed the court, or any body else, of the amount for which he was to do the work specified in the contract. Plaintiff next introduced what is denominated in the statement of facts as the street assessment roll for Cumberland street, but which was in the shape of a book, with certain columns marked and ruled upon it, from which it only appeared that such columns were headed, respectively, with the words, name, lot, block, addition, street, feet, amount, residence, and thereunder, respectively, L. Chopard, 20, 16, Second, Cumberland, 100, 70.95, Seattle, and this was all the information that could be gathered from the so-called assessment roll. Plaintiff then called Fred E. Pape, who testified only to the fact that he was the auditor of Skagit county; that lot 20 in block 16 fronted on Cumberland street, and that such street had been properly dedicated. These are all the proofs that the statement of facts shows to have been introduced or offered before plaintiff rested its case. When it had so rested, defendants made a motion for a nonsuit, which was granted, and from the judgment rendered thereon this appeal has been prosecuted.

The facts shown by these proofs were not sufficient to establish a lien. It nowhere appeared therefrom that any contract for the improvement of the street had ever been entered into; the proceedings of the council above referred to were entirely insufficient for that purpose. And, as there was no other proof upon the subject, excepting the

street assessment roll, it was not shown that any facts existed which under the ordinance authorized the making of such roll.

· We do not understand from appellant's brief that it very strenuously contends that sufficient facts were shown to authorize the court to find that an assessment had been regularly made. Its contention that the judgment should be reversed is founded upon its understanding of the ruling of this court in the case of *Town of Elma v. Carney*, 4 Wash. 418 ( 30 Pac. 732 ). But, even if that case was to receive the interpretation contended for by appellant, not enough appeared in reference to the so-called street assessment roll to bring it within the definition of such roll contained in the opinion in that case. When it was said therein that the assessment roll was *prima facie* evidence of the regularity of the proceedings, an assessment roll which had upon its face such authentication and certification as constituted it a warrant for the collection of taxes was contemplated. The so-called assessment· roll introduced in evidence in this case, so far as it appears from the statement of facts had nothing whatever upon it to authenticate it in any manner; it was simply a column of names, descriptions and figures, and was evidence of nothing.

But, even if this so-called assessment roll had been such as to bring it within the rule announced in the case above cited, it would not follow that such rule could have force when the affirmative proof offered on the part of the plaintiff showed that the council had never taken the steps necessary to give it jurisdiction to make such a roll. Where the plaintiff seeks, as in this case, to put in all the proceedings, enough must appear to show that the assessment roll was made in pursuance of the authority of the common council, before it can have force in a suit where the fact of the making of the assessment was put in issue by the pleadings. In towns of this class entire regularity in

the proceedings cannot be expected, and technical objec-
tions should be so overlooked by the courts, but matters of
substance cannot be overlooked without a violation of the
constitutional provision as to the taking of property with-
out due process of law.

The judgment will be affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ.,
concur.