**BURKE v. WAGNER.** (No. 1836.)

Court of Civil Appeals of Texas. Beaumont.
May 9, 1929.

Rehearing Denied May 15, 1929.

Pat N. Fahey and Boyles, Brown & Scott, all of Houston, for appellant.

Henry J. Dannenbaum, of Houston, for appellee.

O'QUINN, J. Appellee sued appellant for $30,000, the alleged purchase price of stock in the E. J. Burke Company, a corporation. Appellee's petition is rather lengthy. In substance, he alleged that, when the E. J. Burke Company was organized, appellant solicited him to purchase stock in same, and agreed that, if appellee would buy said stock, he (appellant) would, upon the written demand of appellee, at the end of the first fiscal year of said company, purchase said stock from him at its then book value, the transfer of said stock and the payment therefor to be made within six months after said written demand; that, in pursuance of this agreement, appellee did buy 300 shares of said stock of the par value of $100 per share; that at the instance of appellant appellee was elected as a director, and an executive officer of said company, and thereupon entered upon the duties of his said position and continued in the performance of same until about April 13, 1927, when appellant expressed dissatisfaction with the results obtained for the company by the department of which appellee had charge, and it was then and there agreed between appellant and appellee that appellee should resign his position with the company and in consideration of the fact that appellee was dependent upon his assets represented by the said 300 shares of stock in said company, for his business operations and livelihood, appellant then and there, by a written instrument of that date, agreed, promised, and became obligated to pay appellee, upon appellee's resigning from his said position with said company, the par value of appellee's said stock, $30,000, with interest thereon from the date of the purchase of same by appellee from said company at the rate of 8 per cent. per annum, such purchase by appellant of said stock from appellee to be consummated within six months from said April 13, 1927, either by cash payment or part cash and the balance in secured lien notes, the value of which was to be approved by appellee, and appellant, and the legal title to the lien property to be approved by the Houston Title Guaranty Company, or, at the option of appellant, payment in full to be made in such lien notes.

Appellee further alleged that on October 13, 1927, same being the expiration of six months from April 13, 1927, he demanded of appellant that he purchase appellee's 300 shares of stock of said corporation as per his written agreement, but that appellant failed to do so, and on November 29, 1927, in writing, denied to appellee that he had any contract with appellee to purchase said shares of stock, but offered to procure the purchase of said stock by said corporation, the E. J. Burke Company, by the transfer to appellee of certain lien notes, the property of said corporation. He further alleged that he never had any contract with said corporation for the purchase of his said stock, and that the lien notes as security offered or tendered him by appellant on said date, property of said corporation, were not acceptable to appellee, tendered the certificate of his said shares of stock into court for appellant as a compliance with the contract of appellee to sell same to appellant, subject to the decree of the court, and prayed for relief, general and equitable.

Briefly summarized, the plaintiff's petition alleged: (a) That on April 13, 1927, defendant, by written instrument bearing said date, agreed, promised and became obligated to pay to plaintiff $30,000, the par value of his said stock, with 8 per cent. interest, such purchase to be consummated within six months from said date, either by cash payment or part cash and the balance in secured lien notes, the value of which was to be approved by plaintiff and defendant, or, at the option of defendant, payment in full to be made by such lien notes; (b) that on October 13, 1927, plaintiff demanded of defendant the purchase of said stock, but that defendant failed to comply with his said agreement of purchase, and pursued a course of negotiations with plaintiff; (c) that by written notice to plaintiff, dated November 29, 1927, defendant denied that he had any contract for the purchase of plaintiff's stock; (d) that in said written notice defendant offered to procure the purchase of said stock by the corporation and the transfer by said corporation to plaintiff of a list of certain lien notes; (e) that the tendered lien notes were not acceptable to appellee for certain reasons; and (f) the petition prayed judgment for $30,000 and interest and delivery of the stock into the registry of the court in compliance with plaintiff's obligation under said contract with appellant for purchase and sale thereof, subject to the decree of the court.

Appellant answered by general demurrer and general denial. The cause was tried to the court without a jury. Appellant's general demurrer was overruled, and judgment rendered for appellee for $33,269.61, same being for the par value of the stock and 8 per cent. per annum interest thereon from the date of the purchase of said stock to the date of judgment, and that said sum bear interest at the rate of 8 per cent. from that date;

and further that said judgment thus rendered for appellee was secured by the seller's lien on said stock tendered into court and foreclosed said lien on said stock and ordered same to be sold as under execution, the proceeds to be applied on said judgment. This appeal is from that judgment.

At the request of appellant, the court made and filed his findings of fact and conclusions of law, which are:

## "Findings of Fact.

"1. I find that on November 5th, 1926, the plaintiff, Seymour Wagner, and the defendant, E. J. Burke, entered into an agreement, a copy of which is made a part hereof, whereby said Burke agreed to purchase from Wagner the stock to be purchased from the E. J. Burke Company at the end of the first fiscal year at the then book value of the stock; I find that thereafter the said Wagner subscribed for $25,000.00 worth of stock, and that subsequent to that time he subscribed and paid for $5,000.00 worth of stock in addition to the first stock purchased.

"2. I find that thereafter the plaintiff severed his connection with the E. J. Burke Company, by whom he had been employed, at the rate of $500.00 per month, and that he at that time in writing requested the defendant to carry out his said agreement above referred to, executed on November 5th, 1926.

"3. I find that thereafter the plaintiff and defendant entered into an agreement dated April 13th, 1927, a copy of which is incorporated herein and made a part hereof, by the terms of which agreement the defendant obligated himself to pay plaintiff par value for his stock with 8 per cent. thereon from date of purchase, within six months of said date, either by cash payment or part cash and the balance in negotiable notes.

"4. I find that the defendant has failed and refused to purchase said stock.

"5. I find that the stock referred to has been tendered into court.

"6. I find that on November 29th, 1927, defendant tendered certain second lien notes to the plaintiff in part payment for said stock, the evidence showing that said notes belonged to the E. J. Burke Company, and not to E. J. Burke personally.

"7. I find that there was no definite agreement, other than as set out in the agreement signed by both parties dated April 13th, 1927, although there were negotiations for other agreements.

## "Conclusions of Law.

"I conclude as a matter of law that the plaintiff is entitled to recover as sued for."

There is also in the record a statement of facts agreed to by the parties and approved by the court, which fully sustains the court's findings, and we here adopt said findings by the court as our findings.

The written agreement referred to in the court's first finding of fact reads:

"The State of Texas, Harris County.

"In consideration and as a condition of the subscription made by Seymour Wagner for Twenty-five Thousand Dollars ($25,000.00) of common stock of E. J. Burke Company, a corporation to be organized under the laws of Texas, with a capital stock of Five Hundred Thousand Dollars ($500,000.00) divided into two thousand shares of preferred and three thousand shares of common stock, each share of the par value of One Hundred Dollars ($100.00), I, the undersigned, E. J. Burke, hereby agree, upon written demand of said Wagner at the end of the first fiscal year of said corporation's business activity to purchase his said two hundred and fifty shares for cash at the then book value thereof, transfer and payment to be made within six months from receipt by me of said demand, and, in the event of my prior death, within six months from receipt of such demand by my heirs or the legal representatives of my estate.

"Executed at Houston, Texas. November 5th, 1926. E. J. Burke."

When appellee severed his connection with the E. J. Burke Company, he, by written request, called on appellant to perform his contract above set out. This was not done, but appellant and appellee then executed the following written agreement of date April 13, 1927, referred to in the court's third finding of fact, to wit:

"Houston, Texas, 4/13/27.

"My dear Mr. Burke: Upon reading your written agreement with reference to my stock dated November 5, 1926, I find that I have the right at the end of the first fiscal year to require that you purchase the stock for cash at the then book value thereof, and you have six months from the date of receipt of such demand within which to make such payment. As stated to you, my department of the business does not in my opinion justify the expense and unless additional large resources can be obtained I feel that the business should be relieved of the burden of my salary, as my employment at the present salary was a term of our connection, I could not afford to step out without reasonable provision whereby I may obtain the use of my assets at an early day. I am therefore now offering to resign my position upon your agreement to pay me the par value of my stock (Thirty Thousand Dollars) with interest thereon from date of purchase by me at the rate of eight per cent per annum, such purchase by you to be consummated within six months from this date, either by cash payment, or part cash and the balance in secured lien notes, the value of which is to be approved by me and yourself, and the legal title to be approved by Houston Title Guaranty Company, and issued said Wagner a

guaranteed title, or in full by such lien notes as you may prefer. Should this proposition be accepted I suggest that a contract between us be executed accordingly and deposited together with my stock certificates, in some Houston bank.

"Yours truly, Seymour Wagner.
"Accepted: E. J. Burke."

Appellant's first assignment of error, complaining that the court erred in not sustaining a general demurrer, is overruled. The petition was sufficient.

The second assignment of error asserts that the court erred in rendering judgment against appellant because neither the pleadings nor the evidence supports the judgment. The assignment is overruled. We think both the pleadings and the evidence sufficient.

While appellant's third assignment of error relative to the court's foreclosing the seller's lien on the stock deposited or tendered into court is copied into appellant's brief, yet there is no proposition thereunder and same is not presented in the brief, so same is waived and need not be discussed.

The fourth assignment complains that the court erred in failing to file conclusions of law. After making his findings of fact, the court says: "I conclude as a matter of law that the plaintiff is entitled to recover as sued for."

Appellant insists that this is not sufficient; that the court should state upon what "theory, doctrine or rule" the court bases his conclusion of law. The assignment is overruled. The court is not required to go into a discussion of the law involved, but only to state his conclusions as to the effect of the law when applied to the facts. Appellant cites us to no case supporting his contention, nor have we been able to find any such.

The fifth assignment complains that the court erred in his fourth finding of fact that appellant had failed and refused to purchase appellee's stock in the E. J. Burke Company. There is no proposition nor statement under this assignment, nor is same urged in his brief. Therefore same is waived and not to be considered.

Appellant's fourth proposition, based upon its sixth and seventh assignments of error, complains that under the court's sixth finding of fact judgment should have been rendered for appellant, the insistence being that said finding showed a compliance by appellant with his contract. The finding of fact mentioned reads:

"I find that on November 29th, 1927, defendant tendered certain second lien notes to the plaintiff in part payment for said stock, the evidence showing that said notes belonged to the E. J. Burke Company, and not to E. J. Burke personally."

Appellant's sixth and seventh assignments of error are:

"VI.

"The court erred in its conclusion that plaintiff is entitled to recover as sued for.

"VII.

"The court erred in rendering judgment in favor of the plaintiff against the defendant."

Appellee objected to our considering these assignments, for the reason that they are too general and point out no error. We think the objection should be sustained. However, if consideration should be given them, no error is shown. Appellee had not contracted with E. J. Burke Company for a sale of his stock in said company to it, but had contracted with appellant. Neither had appellee any agreement with appellant for him to secure the E. J. Burke Company nor any other party to purchase said stock. Appellant had contracted with appellee to buy said stock himself, and the notes offered did not belong to him, but to the company, and were not acceptable to appellee. He had the right to reject them. His contract with appellant provided that, if payment was made in lien securities they were subject to his approval. The finding of the court did not show a compliance by appellant with his contract. Furthermore, after appellant had breached his contract, which we think the evidence unmistakably shows he did, then appellee was under no obligations to receive anything but cash in payment for his stock.

What we have said disposes of appellant's fifth proposition.

No error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.