**THOMPSON et al. v. THURBER BRICK CO.**

No. 2102.

Court of Civil Appeals of Texas. Beaumont.

Sept. 18, 1931.

Rehearing Denied Sept. 23, 1931.

Ball & Simmons and R. S. Durno, all of Houston, and E. F. Thompson, of Oakland, Fla., for appellants.

T. S. Taliaferro, and Shelby Fitze, both of Houston, and John Hancock, Clarence Wightman, and Joe S. Davies, all of Fort Worth, for appellee.

WALKER, J.

This suit was by appellee, Thurber Brick Company, against appellants Alice B. Thompson and her husband, E. F. Thompson, upon

a paving assessment certificate against certain real property situated in the city of Houston, Harris county, belonging to Mrs. Thompson as her separate estate, and to foreclose the assessment lien against said property. Upon trial to the court without a jury judgment was entered in favor of appellee for the amount of the certificate in the sum of $2,103.69, with foreclosure of the lien, as pleaded, with a personal judgment against Mrs. Thompson for the full amount claimed. Appeal was perfected to the Galveston Court of Civil Appeals but transferred to this court by order of the Supreme Court.

Since appellants were nonresidents of the state at the time notice was given them of the proposed improvements and personal service of such notice was not had within the state, appellee concedes error in so far as the judgment awarded a personal recovery against appellant Mrs. Alice B. Thompson. To that extent appellee asks that the judgment be reversed and in that respect rendered in favor of appellants. This prayer of appellee is granted.

■ Appellants erroneously insist that appellee's third amended original petition, upon which the case was tried, and the original petition, were subject to their general demurrers. In both these petitions it was alleged in a general way that all proceedings and prerequisites with reference to making the improvements and the issuance of the assessment certificate and the fixing of the lien were regular and were had in compliance with law and that all legal steps necessary to the validity of the assessment certificate and to the fixing of the lien were taken in the manner prescribed by law. In the third amended original petition all these various steps were specifically pleaded. It was further alleged in both petitions that appellants' property was improved according to the approved plans and specifications. If we understand appellants' proposition, it is contended that the original petition was subject to the general demurrers because the various steps to fix the lien against the property were not specifically pleaded. It seems to be urged against the third amended original petition that it was subject to the general demurrer because the orders, resolutions, and so forth, directing the issuance of the certificate, were not copied into the petition; and, further, that notice to appellants of the proposed improvements and special benefits were not pleaded and that no resolution was pleaded directing that the highway upon which appellants' lot was situated was to be improved. Under the following authorities neither of the petitions was subject to the general demurrer: Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631, 636; Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792; Fenstermaker v. City

of San Antonio (Tex. Civ. App.) 283 S. W. 883. In Elmendorf v. City of San Antonio, the court said: "It is true that the ordinances, resolutions, and other matters are not copied in the petition, nor is each act done or step taken pleaded in detail, but the petition states a cause of action, and we are also of the opinion that it is not subject to any of the special exceptions urged by appellants. * * * The opinion of the Supreme Court in the case of Lockhart v. City of Houston [45 Tex. 317], supra, furnishes an answer to the contentions that special exceptions should have been sustained complaining of what appellants regard as conclusions. The rule there announced was held applicable to street assessments by the Supreme Court of Washington, in the cited case of Town of Elma v. Carney [4 Wash. 418, 30 P. 732]."

■ Appellee's cause of action matured on the 3d day of September, 1927. The original petition was filed the 16th day of April, 1929, and the first amended original petition, which appellants concede was not subject to the general demurrer, was filed in November, 1929. Under City of Fort Worth v. Rosen (Tex. Com. App.) 228 S. W. 933, the certificate sued upon was subject to the two-year statute of limitation (Rev. St. 1925, art. 5526). On the ground that the original petition was subject to the general demurrer, appellants insist that the cause of action was barred by the two-year statute of limitation before the first amended original petition was filed. As the original petition was not subject to the general demurrer, there is no merit in this contention. But even if the original petition were subject to the general demurrer, it was clearly sufficient to stop the running of the statutes of limitation, under the rule stated by 11 Michie's Texas Digest, 1252, "A suit will prevent the running of the statute of limitation, although the petition be bad on general demurrer, and is not amended until after the period has elapsed."

It is further contended that the third amended original petition filed the 10th day of March, 1930, set up a new cause of action, and that under that petition, upon which the case was tried, there was a fatal variance between the certificate, as described therein, and the certificate offered in evidence. In support of these contentions appellants contend that in the third amended original petition appellee pleaded a certificate issued by the city of Houston under a contract between the city of Houston and Thurber Brick Company, while in the original and first and second amended original petitions it pleaded a certificate issued by the city of Houston under a contract with San Jacinto Construction Company. On its face the certificate recited that it was issued under a contract between the city and San Jacinto Construction Company. Appellants have not correctly construed the third amended original peti-

tion. In that petition appellee pleaded the same contract and certificate as in the preceding petitions, but gave the history of the contract between the city of Houston and San Jacinto Construction Company, as follows: "And that thereafter the bids of Thurber Construction Company were duly accepted and that the contract for said improvements awarded to it by resolutions of City Council passed April 12, 1926." And also "that on April 14, 1926, the City Council caused to be executed a contract between the City of Houston and said Thurber Construction Company, etc., * * * which contract was thereafter duly assigned to the San Jacinto Construction Company, for the performance of said work, with construction and maintenance bonds as required by the City Charter. * * * That the paving and improvement of said Harrisburg Road was duly completed by the San Jacinto Construction Company in accordance with the said contract with the City of Houston, etc., and also that thereupon the said City of Houston, acting by and through its properly and duly constituted officers, executed and delivered to said San Jacinto Construction Company said improvements certificates." It follows that the third amended original petition did not state a new cause of action, and that no variance existed between the certificate pleaded therein and the one introduced in evidence.

█ It is also insisted that the certificate was void because it was not signed by the proper city officers, as required by the city charter. The charter provision is, "Such certificates shall be signed by the Mayor and certified by the Comptroller, with the impress of the corporate seal." This certificate was executed by the city of Houston by its mayor pro tem., H. A. Halverton, and city secretary, W. A. Moore. The ordinance under which the certificate was issued directed that it be executed·by the mayor and attested by the city secretary, with the corporate seal of the city. By ordinance adopted the 18th day of September, 1905, after the charter containing the provision above quoted had been duly adopted, the office of the city secretary was lawfully created by the city council of the city of Houston, making the city secretary custodian of the records of the council, with power to make certificates of its proceedings and to affix the corporate seal of the city thereto. He was also legal custodian of the corporate seal. Prior to the adoption of this ordinance under the charter of the city of Houston, the city comptroller was ex officio city secretary. The office of mayor pro tem. was created by the charter of the city of Houston with the provision that in certain contingencies the mayor pro tem. should act as mayor. On the facts stated the certificate was signed and issued by the proper officers. As the mayor pro tem. in certain contingencies had the power to act for and in the name of the mayor, and having so acted in executing this certificate, it must be presumed that a contingency arose authorizing him to act. Muller v. Boone, 63 Tex. 93; Rowan v. Lamb, 4 G. Greene (Iowa) 468.; Sheldon v. Wright, 7 Barb. (N. Y.) 39. Under Holt v. Uvalde Company (Tex. Civ. App.) 258 S. W. 285, it may also be presumed that Halverton, having acted as mayor pro tem., legally held that office. After the adoption of the charter, and before the enactment of the ordinance of 1905 creating the office of city secretary, the city comptroller, ex officio, performed the duties of the office of city secretary. However, after that office was lawfully created, the comptroller ceased to perform these ex officio duties. The charter provision that the comptroller attest paving certificates with the impress of the corporate seal was an ex officio duty belonging to the office of city secretary. Under the charter, the city council had the lawful power to take this duty from the comptroller and impose it upon the city secretary. It follows that the city secretary, in affixing the corporate seal to this certificate, did so in a lawful manner, and not in violation of the charter provision relied upon by appellants.

█ Further answering this contention, it could be said that since the charter did not require the comptroller to sign the certificate, but only to attest the same with the impress of the corporate seal, this duty was purely ministerial and could be performed under orders of the city council by the officer having the lawful custody of the seal. State ex rel. Skrainka Construction Co. v. Reber, 226 Mo. 229, 126 S. W. 397. What has just been said overrules appellants' contention that the court erred in admitting the certificate in evidence over the objections, "that it was not signed by the proper officials" and "it appeared on its face that it was not issued under a contract, as plead."

█ It is contended by the fifth proposition that the certificate was void because appellants "had no notice of any hearing on special benefits," and by the ninth proposition that "the court erred in excluding the testimony of witnesses offered by the defendants." There is no merit in the fifth proposition. By introducing the certificate in evidence with its recitations, appellee made a prima facie case of notice. The certificate gave in detail the proceedings under which the certificate was issued and also contained the following recitation: "That all proceedings with reference to making such improvement have been regularly had in compliance with the law, the Charter of said City, and the terms of this Certificate, and that all prerequisites, to the fixing of the lien and claim of personal liability evidenced by this Certificate have been performed. That said improvement has been completed by said Company in compliance with the terms of said contract, and was

accepted by said City on the 3rd day of August 1927." In Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792, 794, writ of error refused, it was said: "The introduction in evidence of the certificate sued upon made out a prima facie case for appellee, and was sufficient prima facie evidence that all antecedent prerequisites had been complied with." See, also, article 1090, R. S. 1925.

The ninth proposition is overruled on the ground that it is too general to present for review any proposition of law, and because it fails to call to our attention the specific error complained of. But when appellants' argument under this proposition is examined it is seen that the proposition is multifarious in that they complain of the exclusion of the testimony of E. F. Thompson and J. W. Hazard, "an expert," "that the property in question was not benefited," and the testimony of E. F. Thompson "that the defendants received no notice of any hearing on special benefits." We do not understand that the rules of briefing permit appellants to advance a general proposition to the effect that "the court erred in excluding the testimony of witnesses offered by the defendant," and under this general proposition complain of all excluded evidence, upon whatever issue it may have been offered. Kennedy v. McMullen (Tex. Civ. App.) 39 S.W.(2d) 168.

In view of what we have said above, it is not necessary to discuss appellants' assignments that the court erred in holding that they were estopped to contest the validity of the assessment certificate on the ground that they did not file suit to set aside the assessment within the time prescribed by the charter. Estoppel was only one theory of the case. The judgment correctly rests upon the grounds discussed.

Appellants complain that the court erred in awarding attorney's fees against them, because: "(a) It was not shown by evidence that there was a contract to pay an attorney's fee in any sum. (b) It was not shown that plaintiff had paid any sum whatever to an attorney. And (c) it was not shown that the plaintiff had become obligated to pay any sum as attorneys' fees." Appellants make no statement and cite no authorities in support of this proposition. There is not merit in the contention. By section 9, article IVa, of the Charter of the City of Houston, it is provided that the portion of costs assessed against any owner, or his property, together with reasonable attorney's fees and costs of collection when incurred, shall constitute a prior lien upon said property. The assessment ordinance under which this certificate was issued provided "and the said certificates shall further provide * * * the whole of said assessment shall at once become due and payable and shall be collectible with reason-

able attorneys' fees and costs, if incurred." The certificate recites: " * * * And the full amount of principal thereof shall be collectible with accrued interest and reasonable attorneys' fees and costs of collection, if incurred," and "that by said ordinance said assessment, with costs of collection and reasonable attorneys' fees, if incurred, is declared to be a first and paramount lien upon said premises." S. Sitze, a witness for appellee, testified as to the amount of work required to be done by him as one of the attorneys for appellee, in preparing this case for trial. Elbert Ross, another witness for appellee, testifying on the issue as to a reasonable attorney's fee in this case, said: "My answer is * * * from the amount of work stated by you, I would say $750.00."

It follows that the judgment appealed from should be in all things affirmed except in so far as a personal recovery was awarded against appellant Mrs. Thompson, and in that respect the judgment of the lower court is reversed and judgment here rendered in her favor.

Reformed and affirmed.