## BANKERS' HEALTH & ACCIDENT CO. v. HILL.

No. 8843.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1932.

Rehearing Denied July 13, 1932.

Kleberg & Eckhardt, of Corpus Christi, for appellant.

Lewis H. Jones, of Corpus Christi, for appellee.

FLY, C. J.

At a former day of this term this cause was dismissed because there was no transcript filed in the county court on appeal from the justice's court. That defect has been supplied, but what the pleadings were, which are assailed in this court, has not been revealed. If any pleadings were had in the county court, they must have been oral, and no résumé or outline of them is given to this court. Of course, any exceptions urged to such pleadings cannot be comprehended by an appellate court. We can only ascertain what the issues might have been from the special issues submitted by the county judge. Objections were made, in the trial court, to the special issues. The proceedings in the trial are somewhat veiled in mystery and largely left to the imagination.

The following special issues, as well as the answers thereto, are copied:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the plaintiff herein was confined within a house or hospital and regularly visited by a licensed physician, during which time he was wholly prevented from transacting any and every kind of business solely as the result of pneumonia. Let your answer be 'yes' or 'no.' Answer: Yes.

"Special Issue No. 2: For what length of time do you find from a preponderance of the evidence that the plaintiff was so confined? Let your answer be the exact number of days if any, when he was so confined. Answer: 40.

"Special Issue No. 3: For what length of time, if any, following a period of confining sickness, was the plaintiff continuously and wholly disabled because of such sickness, if any, from performing any and every kind of duty pertaining to his occupation, but not confined, solely by reason of such disease, if any? Let your answer be in number of days. Answer: 10."

A special issue was requested by appellant and refused, but no proposition complaining of such refusal is presented to this court.

The first proposition is argumentative, and points out no specific error in the first issue submitted. There is an obscurity in the proposition that is in no way lifted by the statement, or in any other way.

The second proposition is an abstract one, and points out no error. It is overruled. The third proposition is also academic and a mere abstraction. No ground of error is presented in the proposition. And the fourth and fifth propositions are not meritorious. They are all overruled. The evidence supports the answers.

The judgment is affirmed.