## DONIPHAN OIL & GAS CO. v. LEWIS.

### No. 4595.

Court of Civil Appeals of Texas. Amarillo.

May 11, 1936.

Rehearing Denied. June 15, 1936.

Geo. S. McCarthey and W. S. Birge, both of Amarillo, for appellant.

R. A. Wilson, of Amarillo, and Curtis Douglass, of Panhandle, for appellee.

HALL, Chief Justice.

Appellee Lewis sued the Doniphan Oil & Gas Company, a Texas corporation, to recover upon a promissory note in the principal sum of $2,125, which was past due. The note was signed "Doniphan Oil & Gas Company, by Walter G. Russell, President." Plaintiff alleged that the president had actual authority to bind the company by said note, and in the alternative that he had apparent authority. He prayed for judgment for the full amount of the principal, interest, and attorney's fees.

The substance of defendant's answer is that plaintiff was not the owner of the note sued upon, but it was in fact the property of Hugh Miller and Harold D. Weeter; that there was no consideration for the note in question; that Russell, as president, had no authority to execute the note sued upon; that at the time of its execution the corporation was in the hands of a receiver, Alton M. Reeder; that by reason of the pendency of the receivership, appellant, or its president, was without authority to execute the note as a binding obligation; that plaintiff was guilty of fraud in procuring the note in this: That at the time of its execution there was certain indebtedness due the appellant corporation from appellee, Hugh Miller, and Harold D. Weeter on unpaid stock subscriptions; that Curtis Douglas, one of the attorneys who filed this suit, represented appellee in procuring the note sued upon, and in so doing fraudulently concealed from the appellant's president, Russell, the existence of such indebtedness for unpaid stock subscriptions; that had appellant's president known of the existence of such unpaid stock subscriptions, he would not have executed and delivered the note in question, which constituted fraud invalidating the note; that if appellant was mistaken in its allegation that appellee's fraud vitiated the contract, then appellant was damaged by such fraud in the sum of $2,500, which sum should properly be set off against the amounts claimed by appellee in the note.

By supplemental petition appellee again alleged the authority of Russell to execute the note, further pleading ratification,

compromise, and estoppel by retention of benefits; that the receivership which had existed was terminated on June 27, 1934, the exact date of the note sued upon.

There are other allegations which, in view of the disposition we make of the case, are immaterial.

The case was submitted to a jury upon special issues, and the substance of the jury's findings is as follows: That Lewis is the present holder of the note sued on, which Russell had authority to execute as the binding obligation of defendant corporation; that in the transaction involving the delivery and acceptance of the note, Lewis was represented by his attorney, Douglas; that the defendant corporation represented to Douglas that Russell was authorized to settle the claim asserted by plaintiff by execution of said note; that Douglas believed said representations; that Douglas would not have accepted the note if he had not so believed; that at the time B. M. Brittain delivered the note the defendant corporation wanted the receivership terminated, and it was delivered in contemplation of that fact; that prior to the institution of the suit the directors knew the note had been delivered; that the directors, with full knowledge, voluntarily retained the benefits of the transaction; that the note was executed in settlement of claims asserted by plaintiff, the true amount of which was in dispute; that subsequent to the delivery of the note the directors, with full knowledge of the transaction, acquiesced in its execution and delivery; that in March, 1934, at the time of the transfer of corporate stock, Douglas and Russell discussed the fact that part of the stock had not been paid for; that at the time the note was delivered by B. M. Brittain to Douglas, Walter G. Russell had no knowledge of the fact that part of the Miller and Weeter stock had not been paid for; that the corporation had notice of the fact that part of the Miller and Weeter stock had not been paid for at the time the note was delivered to Douglas by Brittain.

Based upon the verdict, the court rendered judgment that the plaintiff recover from the defendant the full amount sued for, together with interest at 8 per cent. from the date of the judgment.

◾ The statement of facts is bound in two separate volumes, containing in the aggregate over 600 pages. Both sections have been agreed to by counsel, but neither of them is approved by the trial judge. A statement of facts which is not signed and approved by the trial judge cannot be considered by the appellate court, and must be stricken from the files. Texas Electric Ry. v. Gonzales (Tex.Civ.App.) 211 S.W. 347 (writ refused); American Equitable Assurance Co. of N. Y. v. Martin (Tex. Civ.App.) 33 S.W.(2d) 287; State Life Ins. Co. v. Wilson (Tex.Civ.App.) 57 S.W.(2d) 355; McCaskey Register Co. v. Mann (Tex.Civ.App.) 283 S.W. 544; United States v. Rose (Tex.Civ.App.) 57 S.W.(2d) 350.

◾ In the absence of a statement of facts, we must presume that the findings of the jury and the judgment of the court based upon the facts are correct. No fundamental error has been suggested, and we have found none in the record.

Appellee's motion to strike the statement of facts is sustained.

◾ The appellant's brief contains eight propositions of law, and all of them except the fourth are mere abstract principles of law and complain of no specific error by the trial court or any one else in any case which operated to the injury of the appellant. They point out no specific error which has resulted in any injury to the appellant, and cannot, therefore, be considered. 3 Tex.Jur. 880, § 14, note 13, and authorities cited; Burke v. Wagner (Tex. Civ.App.) 17 S.W.(2d) 113; S. H. Kress & Co. v. Brashier (Tex.Civ.App.) 50 S.W. (2d) 922; Maryland Casualty Co. v. Marshall (Tex.Civ.App.) 14 S.W.(2d) 337; Atlas Torpedo Co. v. United States Torpedo Co. (Tex.Civ.App.) 15 S.W.(2d) 150; First State Bank v. Commercial State Bank (Tex.Civ.App.) 34 S.W.(2d) 297; Texas & N. O. Ry. Co. v. Martin (Tex.Civ.App.) 32 S.W.(2d) 363; Cook v. Williams (Tex. Civ.App.) 32 S.W.(2d) 244; Anderson v. Texas & N. O. Ry. Co. (Tex.Civ.App.) 63 S.W.(2d) 1079; Lubbock Nat. Bank v. Nickels (Tex.Civ.App.) 63 S.W.(2d) 764; Holsomback v. Taylor (Tex.Civ.App.) 61 S.W.(2d) 544; Fidelity Union Casualty Co. v. Koonce (Tex.Civ.App.) 51 S.W.(2d) 777; Finance Corp. of America v. Stone (Tex.Civ.App.) 54 S.W.(2d) 254.

◾ A proposition must present something tangible. A general statement of

what the law is, without reference to the case under consideration, is wholly insufficient. Ferguson v. Conklin (Tex.Civ. App.) 51 S.W.(2d) 622; Bankers' H. & A. Co. v. Hill (Tex.Civ.App.) 51 S.W.(2d) 1057; Coltharp v. Dickens Nat. Farm Loan Ass'n (Tex.Civ.App.) 56 S.W.(2d) 261.

A proposition must point out the specific error committed in the court below which has operated to the complaining party's injury. Thompson v. Thurber Brick Co. (Tex.Civ.App.) 42 S.W.(2d) 93; Kennedy v. McMullen (Tex.Civ.App.) 39 S.W.(2d) 168–173.

■ If we adhere to the rule announced in these and many other cases, only one of appellant's propositions can be considered, which is, as stated, the fourth. That proposition is as follows: "When and after appellants had furnished the trial court with the original of its requested special issues, and the same have been misplaced, and thereafter appellant furnishes the trial court with its consolidated office copy of said requested special issues, and the same are in turn misplaced, and appellant's counsel, based upon experience gained in two trials of the cause of action appealed from, believes that it would be impossible for appellant and appellee to agree upon the special issues submitted by appellants, which were misplaced, and appellee fails to submit to appellant appellee's version of the contents of said special issues, the appellant is entitled to have the case reversed and remanded for new trial by reason of the misplacing of the special issues." There is no merit in this contention. No effort was made to get an agreement or stipulation with opposing counsel, nor did appellant file any motion to supply lost records. The bill of exception fails to show that a thorough search has been made for the purpose of recovering the special issues which have been lost, nor does the bill of exception clearly show to whom the loss is attributable. Appellant had a full and complete remedy by filing a motion to substitute the lost papers. Failing to do so, this court is without power to grant any relief.

For the reasons stated, the judgment of the trial court is affirmed.