HENRY HARRIS v. T. D. WRIGHT, et al.

*Partition—Jurisdiction—Devisee under Will—Condition Precedent—Wrongfully Preventing Performance.*

1. Where there has been an ouster, or where the defendant controverts the plaintiff's title, thereby admitting ouster, a cotenant may bring his action for partition to Term instead of before the clerk.

2. Where a testater gave his plantation to his widow for life, remainder to his nephew, whom he requested to remain with her until her death, and directed that if two servants remained with his wife and nephew until the wife's death they should each have 50 acres of land, and the widow and nephew removed from the land to town, before her death, and one of the servants refused to accompany them to serve for wages ; *Held*, that such refusal was not a failure to perform the condition precedent to his right to the 50 acres.

3. One who prevents the performance of a condition, or makes it impossible by his own act, will not be permitted to take advantage of the non-performance ; hence

4. Where plaintiff, to whom a portion of a tract of land was devised upon condition that he should remain with the widow of the testator until her death, was wrongfully ejected from the land by the agent of the widow, (who was the devisee of the land of which the plaintiff's was a part,) the plaintiff's estate upon the widow's death cannot be defeated on the ground that the condition was not performed by plaintiff's not remaining on the plantation until the widow's death.

CIVIL ACTION, tried before *Starbuck, J.*, at January, 1896, Special Term of PERSON Superior Court. A jury trial having been waived, his Honor found the facts, the material parts of which are set out in the opinion of Associate Justice MONTGOMERY. His Honor rendered judgment for the defendants and plaintiff appealed.

*Messrs. W. W. Kitchin* and *Graham & Graham*, for plaintiff (appellant).
*Manning & Foushee*, for defendants.

MONTGOMERY, J. : In his last will and testament James H. Harris devised a tract of land of twelve hundred acres to his widow for her life, with remainder in fee to his nephew, Thomas D. Wright, the defendant in this action, but charged it with an interest in favor of Jesse Harris and Henry Harris, the last named being the plaintiff in this action, as follows : " However, I request that Jesse and Henry Harris, former slaves of mine, remain with my wife and nephew until the death of my wife, and if they shall remain with them during that time that they, Jesse and Henry, shall have at some suitable place fifty acres of land." This Court decided in the case of *Wright* v. *Harris*, 116 N. C., 462, that Jesse Harris (who was the defendant in that case) was a tenant in common with the plaintiff (who is the defendant in this action) in the twelve hundred acre tract, to the extent of the fifty acres devised to him in the will of James H. Harris, and was entitled to partition.

This action was brought by the plaintiff, Henry Harris, to have allotted to him the fifty acres devised to him in the will and to be put in possession of the same, the widow having died before the commencement of the suit. The defendant demurred to the complaint, in substance: (1) That the court had no jurisdiction because the action was

HARRIS *v.* WRIGHT.

for the partition of real estate and should have been commenced by special proceedings before the clerk, and not before the judge in term ; (2) That the complaint did not state a cause of action, in that it appears therefrom that the estate claimed by the plaintiff depended upon a condition precedent which was not actually performed.

The objection to the jurisdiction is without merit, and his Honor properly overruled that feature of the demurrer. The complaint showed that the plaintiff was not in possession of the land, that he had been ousted by the defendant and forbidden to come upon the land, and that the defendant disputed and denied the plaintiff's right to any part of it. Where there has been an ouster, or where the defendant controverts the plaintiff's title, thereby admitting ouster, the plaintiff may bring his action to the term. *Jones* v. *Cohen*, 82 N. C., 75 ; *Withrow* v. *Biggerstaff*, *Ibid.*, 82.

As to the second ground of demurrer, his Honor held that if the plaintiff, as he alleged in his complaint, could show that he was prevented from performing the condition by the wrongful conduct of the defendant, he would be entitled to recover, and overruled the same. This was a correct ruling. *Nav. Co.* v. *Wilcox*, 7 Jones, 481. The defendant, in his answer, which is verified, denies the right of the plaintiff to recover, averring that his right to recover depended upon the condition precedent contained in the will, and that the plaintiff had not performed the condition. The averment in the answer is that "in the year 1887 Mrs. Harris, the widow, by her agent, the defendant, Thomas D. Wright, on account of the bad conduct and unfaithfulness of the plaintiff, Henry Harris, instituted summary proceedings in ejectment against said plaintiff, and by the judgment of the court the plaintiff was ejected from the said premises." By consent of parties his Honor

HARRIS v. WRIGHT.

found the facts, and in one of these findings it appears that the decision of the justice of the peace, under which the plaintiff in this action (defendant in that proceeding) was ejected, was based, not on the bad conduct or unfaithfulness of Henry Harris, but because of his failure to pay rent.

It appears from the facts found by His Honor that the testator died in 1871, and that the plaintiff lived on the land from that time until 1887 as the tenant of the widow, rendering yearly rent and falling in arrears during the later years; that for the year 1887 there was no rental contract, but the defendant permitted the plaintiff to live on the place until November of that year, when as the agent of the widow he instituted proceedings before a justice of the peace, alleging that the plaintiff owed rent, and ejected him; that the sheriff removed the plaintiff from the land and forbade him to return; that the defendant left the farm in 1885 and the widow left the next year, going to live with the defendant in Durham. His Honor further found that the defendant, just before he had the plaintiff ejected by the order of the justice of the peace, tried to employ the plaintiff and his wife to live with him in Durham for wages, and that the plaintiff declined the offer. Upon these facts the court was of opinion "that it was the intention of the testator as expressed in the will that the plaintiff should have the fifty acres upon serving the widow and nephew of the intestate during the lifetime of the widow, wherever and in whatever manner they might reasonably require, and upon reasonable terms. That the request made by the defendant that plaintiff should go to Durham to serve the defendant as a family servant at the wages of ten dollars per month, and further of offering to employ the wife of the plaintiff in household service, was under the circumstances a reasonable request

and proposition, and that the refusal to comply with the request was a breach of the condition, the performance of which was necessary to vest in the plaintiff the fifty acres of land as provided for in the will. It is therefore adjudged that the plaintiff take nothing by his suit, and that the defendant go without day."

The judgment of the court is founded on the view which his Honor took of the reasonableness of the offer made by the defendant to employ the plaintiff and his wife as servants in the household at Durham and the obligations imposed upon the plaintiff by the will to perform this service. We do not agree with his Honor in the construction which he put upon the intention of the testator as to the rights and interests of the plaintiff under the will. We think that it never entered his mind that his widow and nephew would leave the plantation. He required that Jesse and Henry, with their families, of course, should remain with his widow and nephew (the defendant) until the death of the widow. We think the testator used the word "remain" in its commonplace meaning, that is, to continue unchanged, to abide in the place where they were when he wrote the will. He either supposed that his widow would not very long survive him, or that if she did his nephew would make his home with her and never leave her; else, how could the plaintiff always live with them both? He certainly did not have in his mind that the nephew might take on an adventurous spirit, leave the farm, and engage in other pursuits in other places. If so, he would have provided for that contingency and required the plaintiff to live with the widow in that event. This view is strengthened when it is remembered that the same requirement was made also of Jesse. It is not reasonable to suppose that the testator anticipated that his widow would leave the plantation for town life, and that both

HARRIS v. WRIGHT.

Henry and Jesse and their families would attend her, as. her servants, as being necessary for her comfort. The reasonable construction certainly is that the testator contemplated the farm to be the home of the widow during her life, that the fee-simple interest in twelve hundred acres of land would be a sufficient inducement for the nephew to remain with his aunt during her life, and that fifty acres each to Jesse and Henry would induce them to remain on the farm, and that by means of all such arrangement the widow would be in association with and under the protection of her nephew, and attended by the faithful servants of the family. The plaintiff remained on the farm with the widow fifteen years, paying full rent for nearly the whole time, and rendering proper service, in addition, to the widow ; for although the defendant averred in his answer that the plaintiff had been ejected from the land on account of bad conduct and unfaithfulness, there was not a syllable of proof going to show this, except that he refused to go to Durham to live with the defendant.

The action of the justice of the peace in ejecting the plaintiff at the instance of the defendant, claiming to be the agent of the widow, is not to affect the result of this case. The justice had no jurisdiction in the matter. The defendant testified in this case before the court below that he had no contract with the plaintiff for the year 1887, and that he left him to stay on the plantation,. allowing him to cultivate a part of the land, because he was mentioned in the will. And, besides, the will, while it gave the plaintiff a conditional estate, gave him also the right to remain on the land as long as he performed the condition or stood ready to perform it. He was not a tenant for the year 1887, and the justice had no jurisdiction of the matter and no right to order his ejectment. *Parker* v. *Allen*, 84 N. C., 466 ; *Hughes* v. *Mason*, *Ibid.*,

·472.   In that proceeding, then, the defendant was acting in his own right as well as for the widow (if indeed he was acting for her).   The question before us, then, comes right down to this :   Will the defendant be allowed to ·defeat the interest of the plaintiff under the will, when by his own wrongful act he prevented the plaintiff from per- forming the condition upon which his interest vested ?   He will not be allowed so to do.   *Nav. Co.* v.   *Wilcox, supra.* In that case Chief Justice PEARSON, who delivered the ·opinion of the Court, said :   " One who prevents the per- formance of a condition, or makes it impossible by his ·own act, shall not take advantage of the non-perform- ·ance," and cited Lord COKE's illustration of the rule.   We ·are not deciding that the rights of property, which depend ·upon the performance of conditions precedent, shall vest in ·cases where the conditions are not absolutely and uncon- ·ditionally performed.   We know that these conditions must be performed, and that even the act of God is no ·excuse for non-performance.   We are not weakening that principle of law, but we are asserting another rule equally ·as old and equally as binding when we declare that, where a person interested wrongfully prevents the performance ·of the condition precedent, he shall not be allowed to take ·advantage of his own wrong.

We think there is error in the judgment of the court below, and the same is reversed.   The plaintiff is a tenant in common with the defendant in the tract of land men- tioned in the complaint, is entitled to partition, and the ·court below will take such steps as are necessary to have ·allotted to the plaintiff fifty acres thereof, and to have him put into possession of the same.

                                   Reversed.