**DORMAN v. RYAN et al.   (No. 470.)**

Court of Civil Appeals of Texas. Waco. Jan. 27, 1927.

Rehearing Denied April 27, 1927.

**1. Deeds ⚖=56(2)—Delivery depends on intention.**

Question of delivery of deed is one of grantor's intention.

**2. Deeds ⚖=56(1)—Actual delivery of deed by grantor in person is not necessary to pass title.**

Actual or manual delivery by grantor in person to grantee is not essential to pass title.

**3. Deeds ⚖=56(2)—Showing of due execution of deed, with purpose to deliver or have it delivered, is equivalent to actual delivery.**

Showing of due execution of deed by grantor, with purpose and intention to deliver it or have it delivered, makes deed effective as if it had been actually delivered.

**4. Appeal and error ⚖=1008(1)—Whether grantor giving deed to another intended to deliver, or have it delivered, held question of fact for trial court.**

Where grantor executed deed during last sickness and gave it to notary, and in will drawn by same notary referring thereto provided that, if he failed to deliver deed during lifetime, it should be delivered by his executor, whether grantor intended to deliver deed or have it delivered was question of fact for trial court.

**5. Deeds ⚖=208(5)—Evidence held to support finding that deed delivered to notary who drew it was intended to be effective from its date.**

In trespass to try title, where grantor drew deed and gave it to notary, who also drew will executed by grantor, in which he directed that, if he did not deliver deed in lifetime, his executor was to deliver it, evidence *held* to support finding that grantor intended deed to be effective from its date, and that executor under will should have delivered it.

**6. Executors and administrators ⚖=130(1)—Executor may not take charge of property conveyed by effective deed by grantor, regardless of estate's insolvency.**

Executor may not take charge of land which had been conveyed by deceased by valid deed, whose delivery was directed in his will, regardless of fact that estate may probably be insolvent.

Error from District Court, Leon County; Carl T. Harper, Judge.

Trespass to try title by Lora Koonce Ryan and others against Henry Dorman, executor of A. Duncan, deceased. Judgment for plaintiffs, and defendant brings error. Affirmed.

S. W. Dean, of Navasota, for plaintiff in error.

M. L. Bennett, of Normangee, for defendants in error.

STANFORD, J.   Suit by defendants in error against plaintiff in error, in trespass to try title to certain lands in Leon county, Tex., fully described in defendants' pleading. The cause was tried before the court without a jury, and judgment rendered awarding a recovery of said land to plaintiffs, defendants in error herein.

Plaintiff in error has presented many assignments of error, but, as we view the case, there is only one question involved, to wit: Did the trial court err in holding that the title to the property passed from A. Duncan to his niece, Mrs. Ryan, by deed executed by the said A. Duncan a short time prior to his death? The record discloses that on the 10th day of April, 1923, A. Duncan signed and properly acknowledged before John A. Childress, a notary public, a warranty deed in regular form, conveying the property in controversy to Lora Koonce, now Mrs. Ryan. At the same time Childress wrote the deed he wrote a will for A. Duncan, and A. Duncan signed both the will and the deed at the same time. The witness Childress testified:

"He gave the deed and will both to me and told me to hold them until he told me what to do or until somebody did. I kept the deed from that time until this suit was filed. * * * I think he told me at the time that he wanted Miss Lora Koonce (Mrs. Ryan) to have this tract of land. * * * I was instructed in preparing the will what to say in the will with reference to the deed, and, in substance, what I was instructed to say in the will with reference to this deed is what Mr. Duncan told me."

The part of the will referring to the deed is as follows:

"I have this day executed to my niece, Miss Lora Koonce, a deed to 160 acres out of the F. C. H. Hagerman survey, known as the Randell Ringer place, bought from B. B. Kimble. Should I fail to deliver said deed during my lifetime, I here direct that this deed be delivered by my executor to her as soon as practicable after my death, but it is my will and desire that the proceeds from this farm in the way of rents and debts by tenants be paid into my business for the year 1923, or until the first of January, 1924."

The will was duly witnessed and duly probated June 21, 1923, and plaintiff in error appointed independent executor without bond. By the provisions of said will certain properties were bequeathed to parties other than defendant in error, but said will did not undertake to dispose of the 160 acres of land in controversy. Plaintiff in error, as independent executor of the estate of A. Duncan, deceased, took charge of the 160 acres of land and claimed the right to administer same as a part of said estate; the defendants in error filed this suit in trespass to try title to recover said property. If the land in controversy was a part of said estate, then the executor had a right to ad-

minister the same, but, if it was not part of said estate, then the executor's possession of same was wrongful, and defendants in error were entitled to recover same.

[1-4] As to whether said 160 acres of land was a part of the estate of A. Duncan, deceased, and subject to administration, or was the property of Mrs. Ryan, depends upon whether or not in contemplation of law it was delivered with the intention of its becoming effective as a conveyance. The question of the delivery of a deed is one of intention on the part of the grantor, and an actual or manual delivery by the grantor in person to the grantee is not essential to pass title. If it be shown that the deed was duly executed by the grantor, and that it was his purpose and intention to deliver, or have delivered, such deed to the grantee, the law will aid such intention and give it like effect as if the deed had been actually delivered. Brown v. Brown, 61 Tex. 60; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Earl v. Mundy (Tex. Civ. App.) 227 S. W. 970; Brown v. Rodgers (Tex. Civ. App.) 248 S. W. 750; Sibley v. Pickens et al. (Tex. Civ. App.) 273 S. W. 897; Pou v. Dominion Oil Co. (Tex. Com. App.) 265 S. W. 886; Hubbard v. Cox, 76 Tex. 239, 13 S. W. 170. As to whether or not it was the intention of the grantor in this case to deliver or have said deed delivered, was a question of fact to be determined by the trial court from all the facts and circumstances. Henry et al. v. Phillips, supra, and cases there cited; Taylor v. Sanford, 108 Tex. 340, 193 S. W. 661, 5 A. L. R. 1660; Hubbard v. Cox, 76 Tex. 239, 13 S. W. 170; Earl v. Mundy (Tex. Civ. App.) 227 S. W. 970. That the deed in this case was in due form and purported to convey to Mrs. Ryan the 160 acres of land in controversy is not questioned. That said deed was written at the request of the grantor, A. Duncan, and duly signed and acknowledged by him, is not questioned. That, at the time A. Duncan signed and acknowledged said deed, he also executed a will in due form, which was properly witnessed, and which was after A. Duncan's death duly probated, is not controverted. At the request of the testator, A. Duncan, the following statement in reference to said deed was included in said will:

"I have this day executed to my niece Miss Lora Koonce (Mrs. Ryan) a deed to 160 acres out of the F. C. H. Hagerman survey, known as the Randell Ringer place, bought from B. B. Kimbell. Should I fail to deliver said deed during my lifetime, I here direct that this deed be delivered by my executor to her as soon as practicable after my death, but it is my will and desire that the proceeds from this farm in the way of rents and debts due by tenants be paid into my business for the year 1923, or until the first day of January, 1924."

[5] The will and deed were executed April 10, 1923. At that time his niece, now Mrs. Ryan, was teaching school at Rosebud, about 100 miles away. She was not summoned to his bedside until just before his death. He evidently was very feeble on April 10th when he executed the deed and will, for he died a very short time thereafter. In the will he specified: "I have this day executed to my niece a deed to 160 acres. * * * Should I fail to deliver said deed during my lifetime, I here direct that this deed be delivered by my executor to her as soon as practicable after my death." And he reserved only the rents, etc., for said year 1923. It is evident that A. Duncan, the grantor, intended said deed to be delivered and intended said deed to be effective as a conveyance of the title from its date, and plaintiff in error, the independent executor under said will, should have delivered same as he was directed to do by the express provisions of said will. The findings of the trial court on the issue here discussed are abundantly supported by the evidence.

[6] Plaintiff in error, the independent executor, attempted to justify himself for taking charge of said property as such executor, by showing that the debts of the estate had not been paid, and that probably the estate was insolvent. But, by virtue of the deed in question, title to the 160 acres of land vested in Mrs. Ryan, and same was no part of the estate of A. Duncan, deceased, and, if said estate was insolvent, this fact did not authorize him to take charge and administer property that did not belong to said estate. There was no attempt on the part of the independent executor, by pleading or otherwise, to set aside the deed to Mrs. Ryan on the ground that such deed was made by A. Duncan, deceased, for the purpose of defrauding his creditors, nor do we think such independent executor would have any right to such relief, in any event. Wilson v. Demander, 71 Tex. 603, 9 S. W. 679, and cases there cited; Shelley v. Nolen et al., 38 Tex. Civ. App. 343, 88 S. W. 528; Hughes et al. v. Hughes et al. (Tex. Com. App.) 221 S. W. 972.

The trial court rendered the proper judgment, which is hereby affirmed.