## BRACEWELL v. BALENTINE et al.
### No. 7415.

Court of Civil Appeals of Texas. Austin.
Feb. 5, 1930.
Rehearing Denied Feb. 26, 1930.

J. S. Bracewell, of Houston, for appellant.
H. W. Carothers and Walter F. Brown, both of Houston, for appellees.

BAUGH, J.

Appellant, plaintiff below, sued A. L. Balentine and T. T. McCormick for damages for libel published in a letter alleged to have been signed and circulated by them on or about August 11, 1926, a copy of which was attached to his petition. The libel alleged consisted of charging appellant, among other things, with unlawfully receiving a financial reward for painting the school building in the Webster independent school district in Harris county, while he was trustee of that district; said charge being alleged to have arisen out of a bitter election campaign in 1925 in which appellant was defeated. The case was submitted to a jury on special issues and upon their answers thereto the trial court entered judgment for the defendants. The plaintiff has appealed, contending that upon said findings of the jury he was entitled to a judgment. No statement of facts accompanies the record.

The issues submitted to the jury and their answers were as follows:

1. "Was there during the campaign for the election of school trustees for the Webster Independent School District in 1925, circulated by those opposing plaintiff's re-election, a charge that the plaintiff as one of the school trustees of said district had unlawfully received financial reward for painting the school building in said district?" Answer: "No."

2. "Did the letter of August 11th, 1926, circulated by defendants in the Webster Independent School District, to one acquainted with the facts and circumstances surrounding it, giving the language its ordinary construction, charge the plaintiff had received financial reward for painting a school building?" Answer: "Yes."

3. "Did plaintiff receive any financial reward for painting any such school building, either directly or by having money for his services paid to his son?" Answer: "No."

4. "What sum of money will fairly and adequately compensate plaintiff for his injuries for the circulation of that portion of the letter of August 12th, 1926, which reads as follows: 'We have received no financial reward for painting any school building,' taking into consideration loss of reputation and mental anguish, if any?" Answer: "$50.00."

5. "Was such charge in said letter made maliciously?" Answer: "Yes."

These questions must be considered as presenting the issues made by the pleadings and the evidence. Plaintiff alleged in his petition, first, that, in the heat of the campaign prior to the school election in 1925, in which he was defeated, it was charged by his opponents, including defendants, that he had theretofore been guilty of numerous violations of his duty and of the law, enumerating them; and, second, that said letter of August 11, 1926, circulated by the defendants in the Webster independent school district, contained libelous statements, enumerating them, and, among other allegations: "That by the use of the words, 'we have received no financial rewards for painting any school building', it was intended by defendants to assert and the public generally understood them to assert that plaintiff had in violation of his duty as school

trustee and of the laws of this state become financially interested in painting one of the schools of said district and had received financial reward therefor."

In addition to numerous exceptions and a general denial, each of the defendants expressly alleged in reply that every statement contained in the letter complained of was true, and specially pleaded in defense that, while plaintiff was trustee in 1923, his son, L. A. Bracewell, was employed to do certain painting on said schoolhouse, in total disregard of the laws of the state of Texas against nepotism, that plaintiff himself did some of the painting, and that compensation was paid either to plaintiff directly, or to him through payment to his son, L. A. Bracewell, out of the funds of said school district.

A general denial casts upon the plaintiff the burden of proving his allegations, irrespective of special defenses subsequently pleaded. However, publication and circulation of said letter by defendants was not specifically denied, nor were the charges therein specially denied. The plea of the truth of said charges was not made as an alternative plea, but "for further answer in this behalf," immediately following their general denial. Regardless of this, however, no objection was made by the defendants to the issues submitted, no instructed verdict was asked by them, and the judgment shows to have been based upon the findings of the jury. Even without a statement of facts, it will therefore be presumed that the evidence raised the issues made by the pleadings and submitted to the jury. And issue No. 3 can be considered in no other light, we think, than as presenting the special plea of the defendants charging plaintiff with a violation of the law.

We regard the findings of the jury on issue No. 1 as immaterial. That issue related only to statements alleged to have been circulated in the campaign in 1925. Issue No. 2 relates to the written statement circulated in August, 1926. This instrument may have been, and the jury found that it was, libelous, regardless of what took place prior to the 1925 election. The language of the issue itself, not objected to by the defendants, states that the letter complained of was circulated by the defendants. In justification or excuse therefor they pleaded affirmatively that in the statement complained of they referred to the plaintiff, and that he had in fact violated the law in connection with the painting of the school building in question. The jury found that such charge was not true, that it was made by the defendants maliciously, and that his damages were $50. We think that the jury's answers to questions 2 to 6, regardless of how question No. 1 was answered, or whether answered at all, entitled the plaintiff to a judgment, and that the court erred in rendering judgment for the defendants. Judg-

ment of the trial court is therefore reversed, and judgment here rendered for the plaintiff for the amount found by the jury.

Reversed and rendered.