## LAMM v. DRISKELL et al.

### No. 9021.

Court of Civil Appeals of Texas. San Antonio.

March 15, 1933.

J. M. Woods and L. J. Gittinger, both of San Antonio, for plaintiff in error.

Hertzberg & Kercheville, of San Antonio, for defendants in error.

MURRAY, Justice.

On February 22, 1933, we granted the motion of defendants in error to strike from the record the statement of facts filed herein. The motion to strike was based upon the ground that the statement of facts was not approved and signed by the trial judge.

■ Plaintiff in error, E. J. Lamm, has filed his motion for a rehearing, which was submitted along with the main case. We find no reason to change our former ruling. A statement of facts not approved and signed by the trial judge does not meet the requirements of the law and cannot be considered by us as a proper statement of facts, and must be stricken from the record upon proper motion. Chancey v. Railway Co. (Tex. Civ. App.) 287 S. W. 129; Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238.

■ In the absence of a statement of facts in this case, we feel called upon to discuss only one question raised herein, Did the trial court have authority to enter judgment in this case in view of the fact that the jury did not answer question No. 2?

We think he did. Question No. 2 was rendered immaterial by the answer made to Question No. 1. Question No. 1 asked the jury if a certain fact existed, to which they answered in the negative. In other words, the jury found the fact did not exist. Question No. 2 inquired of the jury whether a certain person had knowledge of this supposed fact. It was proper for the jury to refuse to answer whether or not a certain person had knowledge of a supposed fact that they had previously answered did not exist.

A great deal of latitude is given trial courts in entering judgments upon the findings of juries by the recent acts of the Legislature.

Article 2211, R. C. S. 1925, as amended by Acts of 1931, 42 Leg., p. 119, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211), provides that the trial judge may upon proper motion and notice enter judgment non obstante veredicto.

■ Article 2190, R. C. S. 1925, as amended by Acts of 1931, 42 Leg. p. 120, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190), provides, among other things, "a claim that the evidence was insufficient to warrant the submission of an issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party."

These recent acts of the Legislature will have the effect of changing many of the rules with reference to these matters heretofore announced and declared by the courts.

Defendants in error cite us to the case of Bracewell v. Balentine (Tex. Civ. App.) 25 S.W.(2d) 279 (writ of error dismissed), which is only one of a number of cases which declare the rule that, where an issue has been submitted to the jury, even in the absence of a statement of facts, it will be presumed that the evidence raised the issue. All of these cases were decided before chapter 78, § 1, of the Acts of 1931, 42d Leg., p. 120, became effective, which was ninety days after May 23, 1931. It is obvious that this act of the Legislature was passed for the very purpose of changing this hitherto well-established rule of law.

The judgment is affirmed.