**SLOAN et al. v. SLOAN'S ADM'R et al.**

No. 13757.

Court of Civil Appeals of Texas. Fort Worth.

May 6, 1938.

Elton M. Hyder, of Fort Worth, for appellants.

John L. Poulter, of Fort Worth, for appellees.

SPEER, Justice.

By a second amended original petition, filed November 6th, 1936, and upon which the case was tried, Arthur Sloan and Charles A. Sloan, as the only heirs at law of J. A. Sloan, deceased, sued Fred Staffan, Frank Staffan and James Staffan, in Tarrant County, Texas, as the only heirs of Margaret Temple Sloan, deceased, and along with J. J. Scott, the administrator of the estate of said Margaret Temple Sloan, and M. F. Poulter and Henry W. Watson, the two last mentioned parties were alleged to be claiming an interest in the land involved.

The parties will be referred to by us, in so far as practicable, as plaintiffs and defendants, respectively, as they appeared in the trial court.

Plaintiffs alleged as a basis for their cause of action that they were the only children of J. A. Sloan, by a former marriage; that their father died intestate in Tarrant County, on May 30th, 1935, at which time he was seized and possessed of certain real estate, described in the petition substantially as will be hereinafter shown in a purported deed of conveyance. Allegations are made that on April 23rd, 1935, about one month before he died, the said J. A. Sloan signed a deed to Margaret Temple Sloan, now deceased, covering the land in controversy; that said deed was without

consideration and was never delivered; that it was left with defendant Watson, who, within a short time after the death of J. A. Sloan, delivered the deed to Margaret Temple Sloan, and it was then recorded; that the instrument so delivered and recorded did not pass the title to the grantee named therein, and that its recordation in the deed records casts a cloud upon the title of plaintiffs, the rightful owners of said lands.

It is averred in said amended pleading that Margaret Temple Sloan died on June 1st, 1936, without issue, and that Fred, James and Frank Staffan are her only heirs. and that defendant, J. J. Scott, is the administrator of her estate.

Prayer was for title and possession of the lands described, the cancellation of the purported deed of conveyance, the removal of the cloud from title occasioned by the instrument, and for general and special relief, both in law and equity.

A question has arisen before us which makes it necessary for us to observe just here that the pleadings of plaintiffs do not disclose when this suit was originally instituted.

Defendants answered by general demurrer, general denial, pleas of not guilty, and specially that J. A. Sloan and Margaret Temple Sloan, both deceased, were husband and wife during all the times involved by any issue in the case and up until the death of said J. A. Sloan. That on said April 23rd, 1935, J. A. Sloan made, executed and delivered his deed of conveyance, covering the lands in controversy, to his said wife, Margaret Temple Sloan, for a good and valuable consideration therein recited. Prayer was that plaintiffs take nothing by their suit and that defendants recover their costs.

The general demurrer was never called to the attention of the court and no ruling was had thereon.

A jury trial was originally demanded, but by subsequent agreement of the parties, the jury was dismissed and the facts and law were submitted to the court. After a hearing, judgment was entered by the court against plaintiffs and in favor of defendants; hence this appeal by plaintiffs.

There is a single assignment of error before us. It reads: "The court erred in holding that the deed from Dr. Sloan to Margaret Temple Sloan was a valid deed for the reason that under the evidence it was shown that said deed was never legally delivered to the grantee, Margaret Temple Sloan."

█ There is no statement of facts before us. There is filed what purports to be such, but it is not signed and approved by the trial court and we cannot consider it. Doniphan Oil & Gas Co. v. Lewis, Tex.Civ.App., 95 S.W.2d 181, writ refused; United States v. Rose, Tex.Civ.App., 57 S.W.2d 350, writ dismissed; Lamm v. Driskell, Tex. Civ.App., 58 S.W.2d 149; many more authorities could be cited on this point, but they are collated in the cases cited and we thus refer to them; we have cited the above cases specially, because they were decided since the enactment of Article 2239, Vernon's Tex.Civ.St. in 1931; they answer the contention of plaintiffs that the amended act does not require the approval and signature of the trial judge to a statement of facts.

There are some stipulations in the record agreed upon by the parties as being established facts, and from these we must determine the correctness of the assignment of error.

Omitting the formal parts, the stipulations are as follows:

"First: That prior to the 14th day of April, A. D. 1919, J. A. Sloan and Ida Sloan were husband and wife, and as a result of said marriage the plaintiffs herein, Arthur Sloan and Charles A. Sloan were born, and are the only surviving legal heirs of the said J. A. Sloan, now deceased.

"Second: That on or about the said 14th day of April, A. D. 1919, the said J. A. Sloan and Ida Sloan were legally divorced, and from and after said separation the plaintiffs herein resided with their mother, the said Ida Sloan at Atoka, State of Oklahoma, and the said J. A. Sloan resided at and around Fort Worth, Texas, where he died on or about May 30, 1935.

"Third: That the said J. A. Sloan and the defendant Margaret Temple Sloan were legally married to each other, and thereafter lived and cohabited together as husband and wife until the death of said J. A. Sloan, on or about May 30, 1935, the date of such marriage to be determined.

"Fourth: That on and prior to the 23rd day of April, 1935, the said J. A. Sloan was lawfully seized and possessed of all of the property hereinafter described, owning, holding and claiming the same by a good fee simple title.

"Lot No. 14, Block No. 29 of the M. G. Ellis Addition to the City of Fort Worth, Texas.

"The W. ⅓ of Lots No. 24 and 24 in Block No. 35 of the M. G. Ellis Addition to the City of Fort Worth, Texas.

"Lots No. 21 and 22 in Block No. 82 of Arlington Heights, First Filing Addition to the City of Fort Worth, Texas.

"80 acres of land situated about 5 miles south of Kennedale, in Tarrant County, Texas, and known as Lot No. 25, Abstract No. 1263, out of the J. Rendon Survey.

"Fifth: That Margaret Temple Sloan died on or about the 1st day of June, 1936, leaving no children surviving her and that Fred Staffan, James Staffan and Frank Staffan are the heirs and the only heirs of the said Margaret Temple Sloan, deceased.

"Sixth: That on or about the 23rd day of April, A. D. 1935, the said J. A. Sloan, then of good health and sound mind, executed and acknowledged a general warranty deed, a copy of which is attached hereto and covering all of the four tracts of land above described, which deed was then delivered to H. W. Watson, the terms upon which said deed was delivered to Watson to be determined.

"Seventh: That said deed was never delivered to Margaret Temple Sloan during the lifetime of said J. A. Sloan, but remained in the custody of said H. W. Watson until after the death of said J. A. Sloan, but, after his death on the same day, towit, the 30th day of May, 1935, said Watson delivered said deed to defendant, Margaret Temple Sloan, who caused the same to be placed of record in Tarrant County, Texas."

The deed which was in controversy reads in part:

"The State of Texas, County of Tarrant

"Know All Men By These Presents:

"That I, J. A. Sloan of the County of Tarrant, State of Texas, for and in consideration of the sum of One Dollar and the love and affection I have for my wife, Margaret Temple Sloan, ——— Dollars, to me in hand paid by Margaret Temple Sloan as follows:" The remainder of the instrument is in regular form for warranty deeds, and covers the lands described in the above stipulation, and is signed: "J. A. Sloan."

■ Before disposing of the assignment above set out, we feel that we should advert to a contention of defendants urged here; it is in effect that the judgment should be affirmed irrespective of the assignment of error by plaintiffs, for the reason the petition was subject to a general demurrer and would not support a judgment in favor of plaintiffs; that the judgment rendered was the only one that could have been rendered in view of the nature of plaintiff's petition. It is urged that the general demurrer should have been sustained for the reason plaintiffs' pleadings disclose upon their face that the suit was instituted within less than one year after the death of J. A. Sloan, and there is no allegation that no administration was pending and none was necessary. As stated above, the demurrer was not called to the attention of the trial court and no ruling was made thereon; but there is still a better reason why defendants' contention cannot be sustained; the amended petition upon which the case was tried was not open to the objection presented by the general demurrer since it was filed more than twelve months after the death of Sloan, and it does not show the date of the institution of the suit; therefore, the amended pleading was not subject to the demurrer urged. Under these circumstances, the question may have been reached by another remedy, but not by a general demurrer.

The sole contention of plaintiffs is that because the deed was left by J. A. Sloan with Watson, who prepared it, and that it was in Watson's possession when the grantor died, there was no delivery to the grantee and therefore the title did not pass to her.

It is contended by plaintiffs that the evidence does not show that grantor and grantee were husband and wife at the time the deed was executed, and therefore the rule applicable to delivery of a deed between parties bearing that relation did not control; it is argued that Watson was the attorney of grantor and when the deed was left in his possession, it did not pass out of the control of the grantor and constituted no delivery.

■ We cannot see it as do the plaintiffs. The stipulation above shows that grantor and grantee were husband and wife at the time of the death of the former, which was about one month after the deed was executed; the wording of the deed itself, wherein it contains the expressions, "That I, J. A. Sloan * * * for and in consideration of the sum of one dollar and the love and affection I have for my wife, Margaret Temple Sloan," followed by the conveyance, proclaim more loudly the mari-

tal relation between the parties than any presumption or surmise to the contrary, based upon the fact that no direct testimony was offered to prove the parties were married before the execution of the deed. Assuredly, there is no testimony in the record which tends to cast a doubt upon the truth of the recitation in the deed.

■ Nor can we take the contention seriously, that Watson was the attorney and agent of grantor, J. A. Sloan, and that because the deed was left with him, it was not out of the possession and control of the grantor. This is not supported by the evidence. If presumptions could be indulged, we may as well say that since the deed on its face was regular and had every earmark of grantor's intention to pass the title, that the deed was left with Watson as the agent of grantee, or subject to delivery by Watson at his convenience. We think the court reached the proper construction of the transaction when he concluded from all the facts and circumstances the grantor had the intention to pass the title of the land to Margaret Temple Sloan when he executed the deed, and that because thereof, the title did pass thereunder.

■ In view of the stipulations mentioned and the deed of conveyance, we think the burden of proof rested upon the appellants, who attacked the transaction to prove a lack of intention on the part of J. A. Sloan to pass the title to his wife by the deed shown to be regular and sufficient, absent some legal impediment. 14 Tex.Jur. p. 826, sect. 62; Hubbard v. Cox, 76 Tex. 239, 13 S.W. 170; McCartney v. McCartney, 93 Tex. 359, 55 S.W. 310; More v. More, Tex.Civ. App., 7 S.W.2d 1096, writ refused; Earl v. Mundy, Tex.Civ.App., 227 S.W. 970, writ refused; 18 C.J. p. 197, sect. 95.

■ The last citation above gives the general rule in this language: "Anything which clearly manifests the intention of the grantor that his deed shall presently become operative and effectual, and that the grantee is to become possessed of the estate constitutes a sufficient delivery. It is obvious that this rule rests upon the intention of the grantor, as manifested by the circumstances surrounding the transaction."

In Earl v. Mundy, supra, it was held that an actual manual delivery of a deed from the husband to the wife was not required to pass the title thereby, and the following charge to the jury was held to state the correct rule (page 972): "You are instructed that if a husband executes to his wife a conveyance, although he retains the manual possession thereof, unless a contrary intention is shown, his possession is the possession of the wife, and a delivery thereof is presumed."

Speer's Marital Rights in Texas, Third Ed., at section 133, states the rule to be: "As between the parties and those claiming under them the presumption obtains, from the making of a deed by the husband to the wife, that it was the intention of the grantor to transfer separate or community interest in the subject of the conveyance, to the wife to be her separate property." However, the author of the above treatise says the rule announced was based in part upon the theory that under the law as it then existed, the possession of the husband was possession by the wife, but now, in such conveyances by the husband, there must be a legal delivery of the conveyance and this is a matter of fact to be determined by the intention of the parties under all the surrounding circumstances.

■ In Jamison v. Wells, Tex.Civ.App., 236 S.W. 806, by the San Antonio Court, the validity of a deed by the husband to the wife was under consideration, and, as applicable to the rule now before us, it was there said (page 808): "Ordinarily the execution of a deed itself by the husband to the wife, though he retains possession thereof, constitutes a complete delivery, whether it is registered by him or not, in the absence of a contrary intention." The Supreme Court granted a writ of error in the case and later reversed the Court of Civil Appeals on the question of the conveyances being in fraud of creditors, but did not criticise the rule quoted above. 252 S.W. 1023.

The case was tried to the court and by its judgment it appears that from the testimony it was found that the deed of conveyance from J. A. Sloan to Margaret Temple Sloan conveyed a good and fee simple title to her, and concluded that as a matter of fact and law, the plaintiffs (appellants here), as heirs of J. A. Sloan, had no interest in the property and entered judgment for the defendants. We think the stipulations between the parties including the deed itself supports the findings of the court and the judgment entered, and we cannot disturb it, for the reasons advanced by appellants.

For reasons stated, the assignment of error is overruled, and the judgment of the trial court is affirmed.