## LANGE et al. v. HOUSTON BANK & TRUST CO. et al.

### No. 11772.

Court of Civil Appeals of Texas. Galveston.

May 2, 1946.

Rehearing Denied May 23, 1946.

L. W. Pollard, of Kerrville, Vinson, Elkins, Weems & Francis, C. E. Bryson, and W. H. Francis, Jr., all of Houston, for appellants.

Fulbright, Crooker, Freeman & Bates and Eugene N. Catlett, all of Houston, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellants, Alvin T. Lange and Otto Jordan, for the recovery from Houston Bank & Trust Company and the residuary legatees and devisees under the will of E. W. Gruendler, deceased, of the title to and possession of a trust fund of $25,000 referred to as the "Otto E. Teichman Trust Fund" which the appellants claimed under the will of Mrs. Augusta L. Gruendler, deceased.

Appellees, other than Houston Bank & Trust Company, claimed the Teichman Trust Fund as part of the estate of E. W. Gruendler, deceased, and sought a distribution thereof under the terms of his will as residuary legatees thereunder. In a trial before the court judgment was rendered in favor of appellees.

The trial court prepared and caused to be filed his findings of fact and conclusions of law in which he found, in substance, that appellants had never accepted or had the Otto E. Teichman Trust Fund in their possession; and that they had never vigorously pressed their claim for a transfer of such fund to them upon Houston Bank & Trust Company, and that Houston Bank & Trust Company had never recognized that appellants, or either of them, had accepted said trust. The court found that appellants had not performed any of the duties and obligations of the trust provisions; and that they had not conscientiously performed any of the

duties of trustees under the provisions of said trust.

Appellants contend that the evidence upon which these findings and conclusions were based was legally insufficient to support them and that such findings were against the great weight of credible testimony and that the uncontradicted proof showed, as a matter of law, that they had accepted the Otto Teichman Trust and had substantially complied with its terms during the life of Otto Teichman, and that any noncompliance on their part with the provisions of said trust was caused solely by the wrongs of appellee, Houston Bank & Trust Company.

It 'is further contended by appellants that in the creation of the Otto E. Teichman Trust, Mrs. Gruendler had two intentions: (1) for the support of her afflicted brother during his lifetime, and (2) to make a bequest to Lange and Jordan, her and Mr. Gruendler's kinsmen, and that the bequest was burdened only with the duty of lending and investing the principal of said trust, as they deemed best, and of using so much of the revenue therefrom as was necessary for the comfortable and proper support of Otto Teichman.

Mrs. Augusta L. Gruendler died testate on September 3, 1931, in Harris County, Texas. Her will was duly probated in Harris County. Under the terms of her will she created a trust estate in the sum of $25,000 for the use and benefit of a mentally deranged brother, Otto E. Teichman, who was confined in the State Insane Hospital at San Antonio, Texas. Her husband, E. W. Gruendler, was appointed and qualified as independent executor of her estate and as trustee of the Otto E. Teichman Trust Fund. He administered both the estate and the trust, as such executor and trustee, up to the time of his death.

Under the terms of Mrs. Gruendler's will creating the Otto E. Teichman Trust, she provided, in substance, that her husband, E. W. Gruendler, should, as soon as possible after her death, set aside out of the assets of her estate a trust fund in the sum of $25,000 to be loaned and invested by him as he deemed best, the interest and revenue therefrom to be used by him for the comfortable and proper support of Otto E. Teichman, during his lifetime. It provided that, at the death of Otto E. Teichman, the said trust fund and the accumulations therefrom should pass to and become the property of E. W. Gruendler in the event he should survive Otto E. Teichman. It provided, however, that if E. W. Gruendler did not survive Otto E. Teichman, upon the death of E. W. Gruendler the $25,000 fund then held by him in trust should be turned over and delivered to appellants, Alvin T. Lange and Otto Jordan, and that they should have the same powers and duties with respect to said trust fund as had been delegated to E. W. Gruendler. The will provided further that if appellants should accept said trust and should personally see that the provisions of the trust were properly carried out and attended to and if appellants conscientiously performed the duties required of them under the terms of said trust, upon the death of the said Otto E. Teichman, the principal of the trust fund in their hands should become the property of appellants.

E. W. Gruendler died on February 14, 1944, leaving a will under the terms of which Houston Land & Trust Company, whose corporate name was later changed to Houston Bank & Trust Company, was appointed independent executor and trustee of certain trust estates created under the will. The bank promptly qualified in each capacity and has since that time administered the E. W. Gruendler estate as such independent executor and as trustee of said trust estates.

The Otto E. Teichman Trust Fund was in the possession of E. W. Gruendler and on deposit in the Houston Bank & Trust Company at the time of his death.

On February 16, 1944, two days after E. W. Gruendler's death, appellant, Alvin T. Lange, delivered certain personal effects of Mr. Gruendler to the Houston Bank & Trust Company and while there he was informed by Mr. Gordon Bennett, the trust officer of the bank, that he and Otto Jordan had been named as substitute trustees of the Otto Teichman Trust Fund under the will of Mrs. Augusta L. Gruendler. At that time Mr. Bennett suggested

to Mr. Lange that the bank would be glad to handle the trust for him and Mr. Jordan and was told by Mr. Lange that he was not in position to state what arrangements he and Mr. Jordan would make with reference to the handling of said trust fund until he had consulted with Mr. Jordan. Appellant Lange testified that on or about March 17, 1944, he informed Mr. Bennett that he and Mr. Jordan had decided to handle the trust themselves. He testified that on that date, March 17, 1944, Mr. Bennett told him that he did not know of anything that stood in the way of the bank turning the trust fund over to him and Mr. Jordan, but that the matter would have to take due course of time.

He testified that, not having heard from the bank since his conference with Mr. Bennett on March 17, 1944, he wrote the bank on April 29, 1944, stating that he contemplated a visit to the hill country and that while there he would "personally call on Otto Teichman to inquire regarding his requirements and his health."

During the latter part of May, 1944, appellant Lange called at the State Hospital and saw Otto Teichman. He testified that he found that Teichman's requirements were few and that there was little change in his health. He testified that not having heard from the Houston Bank & Trust Company he wrote them another letter on July 10, 1944, in which he asked what progress, if any, the bank had made since he last saw them in connection with the transfer of the trust fund created for the benefit of Otto Teichman.

On July 17, 1944, appellant Lange received a letter from Ross T. Bennett, trust officer of Houston Bank & Trust Company, in which he was informed that the bank had been advised by the attorneys for the Gruendler estate that the bank would be in position to deliver the trust fund to appellants when they qualified as trustees of the fund by filing and having approved a bond such as is required of individual trustees under the Texas Trust Act, Vernon's Ann.Civ.St. art. 7425b—1 et seq. On August 8, 1944, appellant Lange wrote the bank in answer to its letter to him of July 17, 1944, in which he requested that the

bank furnish him with two application forms in order that he and Mr. Jordan might file the proper bond in the necessary amounts, as required under the Texas Trust Act, so that they might qualify as trustees of the Otto Teichman Trust, and at that time requested the bank to let them (the trustees) have the principal of said trust fund.

On August 10, 1944, appellant Lange received a letter from Houston Land & Trust Company signed by Mr. Weyrich, its president, enclosing a check for the sum of $100 payable to his order "to cover incidental personal needs of Mr. Otto E. Teichman." In this letter, the bank also enclosed a copy of a letter which it had received from Mrs. Anna Lange Stafford, appellant Lange's sister, concerning Otto Teichman's condition. The bank stated that it was passing the letter on to Mr. Lange because he was one of the trustees of Otto Teichman Fund.

This $100 check was endorsed by appellant Lange and sent by him to Mrs. Stafford with the request that she make certain personal purchases for him for the use and benefit of Otto Teichman. He testified that he had bought shoes and socks and other articles of wearing apparel for Otto Teichman, for which he had been reimbursed, and that at the time he visited Otto Teichman in San Antonio he was not in need of anything.

Otto E. Teichman died on the 23d day of August, 1944. At the time of his death no bond had been filed by appellants, Lange and Jordan, as trustees of the Otto E. Teichman Trust Fund, under the Texas Uniform Trust Act of 1943.

It is the general rule that, where a trustee is named as a direct beneficiary under a trust, the acceptance of the trust by the named trustee will be presumed until some evidence is offered showing a disclaimer of the trusteeship.

Perry on Trusts and Trustees, 6th Ed., Volume 1, page 447, states that: "The refusal to act should be affirmatively shown either by an express disclaimer or by such a tacit refusal to act as amounts to an express rejection. For every gift or deed is supposed, prima facie, to be beneficial to

the donee and therefore the law will presume that every gift, whether in trust or not, is accepted until the contrary is proved."

The above rule is followed in 54 American Jurisprudence, page 108, where it is said: "The acceptance of a trust by a trustee is ordinarily presumed until he disclaims."

In 65 Corpus Juris, at page 312, it is said: "Acceptance of a trust created by a will, deed or other instrument, is ordinarily presumed, and while an acceptance of the trust is, of course, effective, no formal acceptance is necessary."

The rule announced in the above texts is followed by the Supreme Court of this State in the case of Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 662, 5 A.L.R. 1660, in which the court, speaking through Chief Justice Phillips, held that "As a rule of reason and common sense, a delivered instrument plainly amounting to a deed of gift should operate by a presumed assent until a dissent or disclaimer appears."

And in the case of Pepper v. Walling, Tex.Civ., 195 S.W. 892, 894, writ of error refused, the court said: " * * * Occupying the place of a trustee named in the will, it was not necessary for him to formally accept the duties of the office to which the will appointed him. As said in Perry on Trusts (6th Ed.) § 260: " 'Where trusts are by will vested in the executor as such, accepting and qualifying as executor accepts the trust. Acceptance may be presumed by acts of the trustee at or subsequent to the grant. If the trustee acts under the deed in the performance of the trust, he will be held to have accepted, though he has not executed the deed, and he may be liable for a breach of the trust.' "

Under the record in this case there was, we think, both a presumption of acceptance by appellants of the Otto Teichman Trust under the above authorities and ample testimony in the record which establishes their acceptance of the trust independent of any presumption. The record further shows that appellants were willing to comply with the bank's requirement that they execute bonds as substitute trustees and that they requested the bank to send them the necessary applications and forms so that they might arrange to make said bonds and have them turned over to the bank.

Under counter-points, appellees contend that the language of the will of Mrs. Gruendler did not comprise a gift over to the appellants of the principal of the Teichman trust estate, but that the trust was merely a compensatory gift with certain conditions precedent, and that the undisputed evidence shows that neither of the appellants ever complied with such provisions by accepting or administering said trust, or by conscientiously performing any of the duties required of them under the terms of such will as substitute trustees.

Appellants contend that they accepted said trust and substantially complied with the terms thereof, and that their failure, if any, to conscientiously perform the duties required of them under the terms of Mrs. Gruendler's will was due, as shown by the uncontradicted evidence, to the wrongful acts of the Houston Bank & Trust Company, the executor under the will of E. W. Gruendler.

While we have been cited to no decisions by the courts of this state involving the questions here presented and have found none, these questions have, we think, been decided by the courts of other states.

Simes Law of Future Interests, Volume 3, page 220, announces the rule that: " * * * if a future interest is limited on a condition precedent to the effect that the donee of the future interest is to perform certain acts before he can take, and these acts are prevented by a person who will take the property if the condition does not happen, the court should give the property to the donee of the future interest as if the condition had happened."

The question here presented was before the Supreme Court of Connecticut in the case of Seeley v. Hincks et al., 65 Conn. 1, 31 A. 533, 537. In that case a testator by his will directed the payment of an annuity to his grandson out of the testator's share in a partnership if the grandson should devote so much of his personal at-

tention to the interest of the business and the estate in general. After the death of the testator the grandson tendered his services to the committee in charge of the business but his services were rejected without a legal excuse. The court, in holding that the committee could not take advantage of their own wrong so as to defeat the annuity, and that the tender by the grandson of his services was equivalent to the performance thereof and that it entitled him to receive his annuity, said: "It thus appears that the conditions to be performed by the plaintiff were not fulfilled solely because the executors prevented their fulfillment. This certainly is a result never contemplated by the testator, for he must have supposed that his executors would obey the implied obligation laid upon them in the codicil, to give the plaintiff an opportunity to carry out the testator's plan and purpose as therein expressed. In matters of contract, where the party to whom or for whose benefit a condition precedent is to be performed, prevents its performance, he is not, as a rule, permitted to avail himself of his wrong in so doing. 'It is a well-settled and salutary rule that a party cannot insist upon a condition precedent when its nonperformance has been caused by himself.' Young v. Hunter, 6 N.Y. 203. 'If he who is to be benefitted by another's fulfilling his agreement is the occasion why it is not carried into execution, the party bound to the performance will be in the same condition as if the agreement had been literally fulfilled.' Hosmer, J., in Miller v. Ward, 2 Conn. [494] 500."

The following cases from the courts of other states are in accord with the rule laid down in the case of Seeley v. Hincks: Harris v. Wright et al., 118 N.C. 422, 24 S.E. 751; Jacobs v. Ditz, 260 Ill. 98, 102 N.E. 1077; Livingston v. Gordon, 84 N.Y. 136.

The record in this case shows that shortly after they were notified by the Houston Bank & Trust Company of their appointment as substitute trustees of the Otto Teichman Trust Fund, appellants accepted said trust and requested that the trust fund be delivered to them; that on July 17, 1944, more than five months after E.

W. Gruendler's death, and four months after appellant Lange had notified Gordon Bennett, the trust officer of the bank, that he and Otto Jordan had decided to handle the trust themselves, appellants were notified by the bank that the trust would be delivered to them when they qualified as trustees by filing bonds under the Texas Trust Act; that by letter dated August 8, 1944, appellants notified the bank that they would execute said bonds and requested that they be furnished with blanks and the necessary information for preparing and filing said bonds. This request was never complied with by the bank. Otto Teichman died fifteen days thereafter and appellants were notified by the bank that it would not be necessary for them to file said bonds.

The only reasonable inferences which can be drawn from the above facts, which are undisputed in the record and are therefore questions of law determinable by this court, are that there was an acceptance by appellants of the Otto Teichman Trust but that appellants were unable to fully perform the duties and obligations of the provisions of said trust prior to the date of Otto Teichman's death on account of the fact that appellee, Houston Bank & Trust Company, did not deliver said trust fund to appellants. Miller v. Deahl, Tex.Civ., 239 S.W. 679, error refused; Campbell v. Struve, Tex.Civ., 30 S.W.2d 344, error refused.

It is contended by appellees, and was so held by the trial court, that there could have been no acceptance by appellants of the Teichman Trust for the reason of the fact that they had never executed a bond as required by the Texas Trust Act, Art. 7425b, Subdivision 25L, Vernon's Ann.Civ.Statutes.

While there is a grave question as to whether the Texas Trust Act, which became effective in 1943, applies to the trusts involved in this case, created by the will of Mrs. Gruendler, which was both executed and probated prior to the effective date of the Texas Trust Act, under the facts of this case, the question as to whether appellants should have filed bonds under the Texas Trust Act, we think, passes out

of the case under this court's finding from the uncontroverted evidence that appellants had notified the Houston Bank & Trust Company that they would file the required bonds when the bank furnished them with the amounts of the bonds required and the necessary data, and that Otto Teichman died before this information was received by appellants.

It follows from above conclusions that the judgment of the trial court that appellants take nothing by their suit must be reversed and judgment here rendered in favor of appellants against all adverse parties, awarding to appellants the title to and possession of the Otto E. Teichman Trust Fund, consisting of certain money and assets now in the custody of the Houston Bank & Trust Company, and the Houston Bank & Trust Company is directed to turn said money and assets over to appellants.

Reversed and rendered.