OPINION. Arundell, Judge: In the instant case the sole question to be determined is whether- certain gifts in trust of an undivided community interest in a Texas oil and gas lease were completed in 1942 or 1943. Petitioner does not challenge the computation of the deficiency asserted by -the respondent, if it is held herein that 1943 was the year in which the gift was consummated. There is no apparent dispute about the facts or that Texas law will determine when the title was transferred. The parties do disagree, however, as to whether the facts occurring in 1942 were legally sufficient to complete the gift in that year. On the basis of the facts developed in the record, we have no hesitancy in concluding that valid written, express trusts were created in December 1942, and that the corpus of petitioner’s trust was effectively delivered in 1942. Both the petitioner and his brother were anxious to protect their children against the instability of oil and gas operations, and they discussed and planned similar gifts in trust to accomplish this end. Gifts by the brother and his wife were completed in the fall of 1942 by executing their assignments of interest and trust instruments naming their eldest daughter as trustee. The petitioner and his wife, on the other hand, were delayed in the completion of their gifts because they desired to make special provision for their grandchildren. However, early in December 1942 petitioner and his wife executed and acknowledged assignments of their community interest in the oil and gas lease, which conveyed such property in trust to their eldest daughter for the benefit of their children and grandchildren. The attorney to whom they delivered the conveyances mailed such instruments for recordation within the year. On December 1 and December. 4, 1942, petitioner and his wife also executed express written trusts which fully set forth the terms of the gifts in trust. Before taking this step petitioner had secured the consent of his eldest daughter to act as trustee and she had been advised in substance of the terms of the trust instrument. Thereafter, petitioner duly advised the other oil operators of the gifts in trust made by him and his wife and directed them to make payment of the December 1942 income as well as all future income from oil runs to the trustee. Petitioner’s daughter, as trustee, later joined with the other lease operators, including the trustee of the brother’s trust, in an instrument setting forth the terms for subsequent operation of the lease. While these latter steps took place in 1943, but before the trustee signed the trust instruments in August of that year, they make clear that all of the interested parties regarded the transaction as fully completed by the steps taken in December of 1942. Tbe grantors had fully relinquished all their control over the property and the trustee was exercising control over the corpus and receiving the income of the trusts. In Taylor v. Sanford, 108 Tex. 340; 193 S. W. 661, the Supreme Court of Texas said that “If the instrument be so disposed of by [the grantor], whatever his action, as to clearly evince an intention on his part that it shall have effect as a conveyance, it is a sufficient delivery.” See also Davies v. Pegues (Tex. Civ. App.), 125 S. W. (2d) 642. Here, tlie requirements of Texas law that an interest in an oil and gas lease must be conveyed by a written instrument were fully met in December 1942 when the deed was signed and acknowledged, turned over to the attorney to be recorded, and by him mailed, within the year, to the county clerk for recordation. See Sloan v. Sloan’s Administrator (Tex. Civ. App.), 117 S. W. (2d) 803; Dorman v. Ryan (Tex. Civ. App.), 293 S. W. 888; Russell v. Bechert (Tex. Civ. App.), 195 S. W. 607. Moreover, while under Texas law an express trust superimposed on such a conveyance need not be in writing, Knight v. Tannehill Bros. (Tex. Civ. App.), 140 S. W. (2d) 552; Miller v. Whittenburg (Tex. Civ. App.), 144 S. W. (2d) 381, here trust instruments were in fact fully drawn and signed by petitioner and his wife in 1942. The fact that the trustee did not sign the trust instruments until August of 1943, although she had orally accepted the trusteeship and had entered upon her duties as trustee prior to that time, would appear to be an unimportant detail, for under the law of Texas a trustee who is also named as a direct beneficiary under the trust is presumed to accept the trust in the absence of a disclaimer. Lange v. Houston Bank & Trust Co. (Tex. Civ. App.), 194 S. W. (2d) 797. So, also, the acceptance of a gift, where beneficial, will be presumed in the absence of disclaimer. Taylor v. Sanford, supra. The argument of the Commissioner, that the transactions were not completed until 1943 because the assignments were not recorded until that year and the trustee did not sign and acknowledge the trust instruments until 1943, would seem unimportant in the light of the facts as they appear in this case. We conclude that petitioner and his wife not only executed adequate written conveyances and made legal delivery thereof within the year 1942, but also created valid, express, written trusts within that year. It follows therefore that the Commissioner erred in determining a deficiency in gift tax for the calendar year 1943. Reviewed by the Court. Decision will be entered under Rule 50. HaReon, /., dissents.